FRANCIS KIRKWOOD v. GEORGE W. REEDY, *et al.*

SERVICE OF PROCESS; *Amending Return.* Where a defendant has been regularly served by summons, and there is a defect in the return of the officer respecting the service, the defect may, at any time, even long after judgment, in furtherance of justice, be cured by amendment, so as to make the return conform to the facts.

*Error from Marshall District Court.*

KIRKWOOD brought his action against *Reedy* and wife to foreclose a mortgage executed by them. The defendants did not appear. Judgment of foreclosure and sale was entered, and the lands advertised and sold. The sale, (which was for a less sum than the mortgage debt,) was confirmed in April 1865. On the 1st of December 1869 an execution was issued to the sheriff of Marshall county for the collection of the deficiency arising upon the sale of the mortgaged premises. On the 16th of February 1870 *Reedy* and wife entered a special appearance and filed a motion to vacate and set aside the said judgment, and all process and proceedings thereunder, "because the said court had no jurisdiction of the said defendants, as required by law, to render said pretended judgment." The motion was based upon the alleged insufficiency of the return of the sheriff upon the *summons*, (which required the sheriff to summon *Geo. W. Reedy* and *America Reedy,* defendants, etc.) Said return is as follows:

"MARSHALL COUNTY, ss.: Received this summons June 30th 1864. This is to certify that I did summons Geo. W. Reedy by delivering to his wife a true and certified copy of the within summons, with indorsements thereon; and I did summon America Reedy by delivering to her a true copy of the within summons on the 2d day of July, at her usual place of residence. Given under my hand this 7th day of July 1864. JAMES GRAY, *Sheriff.*"

Said motion was heard at the March Term 1872 of the district court. The court sustained the motion, and set aside said judgment and all proceedings thereunder. *Kirkwood* excepted, and now brings the case here on error.

*John Guthrie*, for plaintiff in error:

The return of the sheriff indorsed on the summons was certainly sufficient as to America Reedy: Comp. Laws 1862, 135, § 70. It was served by "delivering to her a true copy of the within summons on the 2d day of July." And the sheriff delivered "to his wife (meaning America Reedy) a true and certified copy of the within summons with the indorsements thereon." Now if this return was sufficient to prove that the defendant America Reedy was in court the motion should have been refused.

The district court was a court of general jurisdiction. On the question of jurisdiction in this case the court, at the time of rendering the original judgment, found that "the said plaintiff having caused personal service to be had upon the said defendants, and said George W. Reedy and America Reedy defendants still failing to demur or answer to the petition," etc. Upon the hearing and trial of the motion to set aside the judgment "the plaintiff, Francis Kirkwood," asked leave to amend and correct the return made by the sheriff so that the return should conform to the fact; and for this purpose he produced the sheriff in open court and had him sworn. But the court refused to allow the sheriff to make the amendment showing service according to the fact. This amendment should have been permitted by the court: Code, § 139. The amendment asked was in furtherance of justice. The record shows that the sheriff served the summons on the defendant America Reedy, and that he gave to her a duly certified copy of the summons with the indorsement thereon. The records show that she was the wife of George W. Reedy. The presumption is, that Reedy and wife were living together as husband and wife. If the return was not sufficient, the amendment should have been allowed; and it was error to refuse it, and to set aside the judgment.

The opinion of the court was delivered by

VALENTINE, J.: It has already been decided in this court that where a defendant has been regularly served by summons,

and there is a defect in the return of the officer respecting the service, the defect may at any time, even long after judgment, in furtherance of justice, be cured by amendment, so as to make the return conform to the facts: (*Foreman v. Carter*, 9 Kas., 674; *Challiss v. Headly & Carr*, 9 Kas., 684;) and to this decision we still adhere. As to one of the defendants in the present case, however, there seems to be no defect in the return of the officer respecting the service of the summons. But even if there is such a defect, still, the foregoing decision will dispose of the whole of this case. The order of the court below is reversed.

All the Justices concurring.