Motion to dismiss appeal submitted October 24, overruled November 26, petition for rehearing filed December 16, 1918, denied February 25, 1919.

Argued on the merits June 6, reversed June 24, 1919.

# WADE *v.* WADE.

## (176 Pac. 192; 178 Pac. 799; 182 Pac. 136.)

### ON MOTION TO DISMISS.

**Judgment—Vacating Judgment—Authority of Court—Time of Vacation.**

1. Superior Courts possess authority to vacate void judgments at any time.

**Divorce—Vacating Judgment—Authority of Court—Time of Vacation.**

2. Where wife sued for divorce on published summons, and affidavit of mailing erroneously and inadvertently showed mailing only 10 days before the day for answer, when in fact it was 40 days before such day, default decree against the husband was void and could be vacated, although several terms had elapsed since its rendition.

**Divorce—Decree—Amendment of Record.**

3. Where wife sued for divorce on published summons, and affidavit of mailing erroneously and inadvertently showed mailing only 10 days before the day for answer, when in fact it was 40 days before such day, default decree against the husband was validated by a subsequent order *nunc pro tunc* for the amendment of the affidavit to show the true date of service.

**Process—Amendment of Return—Nunc Pro Tunc.**

4. It being the service and not the return which authorized a default judgment, an order *nunc pro tunc* for the amendment of a return erroneously giving the date of the service of summons relates back to the date of the original summons.

**Motions—Vacating Order—Subsequent Term.**

5. Where the court corrected *nunc pro tunc* an inadvertently erroneous return of published notice and so validated the default decree, it was without power to vacate it at a term subsequent to that in which the order was made.

**Appeal and Error—Appealable Orders—Opening Default.**

6. An order in a suit for divorce at a term subsequent to the judgment by default opening the default is appealable by the defaulting husband, since it affects a substantial right and changes his status from that of a single to that of a married man.

### ON THE MERITS.

**Divorce—Service by Publication—Amendment Nunc Pro Tunc of Proof of Service.**

7. Where it appeared, after default divorce decree had been rendered on published summons, that affidavit of mailing erroneously

showed mailing only 10 days before answer, whereas, in fact, mailing had taken place 40 days prior thereto, court had jurisdiction to amend proof of service *nunc pro tunc.*

[As to service by publication, see note in 61 Am. St. Rep. 494.]

From Multnomah: JOHN P. KAVANAUGH, Judge.

In Banc.

This is a motion to dismiss an appeal and is based upon the following facts: On September 30, 1915, plaintiff filed in the Circuit Court for Multnomah County a complaint for divorce, and on the twenty-fourth day of November upon an affidavit duly setting forth all the necessary jurisdictional facts, obtained an order authorizing service of publication of summons upon the defendant and directing that a copy of the complaint and published summons be forthwith deposited in the postoffice at Portland, Oregon, directed to defendant at his last-known postoffice address, the same being Boise, Idaho, which summons together with a copy of the complaint was duly mailed on November 29, 1915, but by inadvertence the affidavit of mailing was made to read "December 30" instead of November 29th. The summons was duly published as provided in the order, the day for answer being fixed for January 10, 1916. On June 23, 1917, the plaintiff obtained a default decree against defendant. On April 4, 1918, plaintiff having discovered the mistake in the affidavit showing the mailing of the summons to defendant, asked leave to correct the affidavit *nunc pro tunc* in accordance with the facts, which motion was allowed, and the correction made by permitting the affidavit to be entered and filed as of June 15, 1917. On May 20, 1918, plaintiff applied for and obtained an order of the court vacating and setting aside the decree of divorce rendered on June 23, 1915, on the ground that it was void and of

no effect, and setting aside the order allowing the amendment to the proof of mailing and directing that an alias summons issue, as provided by law. From this order defendant appeals.

Plaintiff moves to dismiss the appeal, specifying four reasons for dismissal, as follows:

"First: That the order appealed from is not an appealable order, in that the order made by his Hon. J. P. Kavanaugh on May 20, 1918, was an order to vacate a void decree.

"Second: For the reason that the order appealed from is not a decree within the purview of Section 548, L. O. L., and by reasons thereof is not appealable.

"Third: That the order vacating the void decree was not a final order in that it permitted the filing of an amended complaint and directed Alias Summons to issue.

"Fourth: That until after service was made on appellant under the Alias Summons provided in said order appealed from, defendant and appellant was in default and not entitled to an appeal from the orders or decrees of the court."

MOTION OVERRULED.

*Mr. G. Evert Baker,* for the motion.

*Messrs. Cochran & Everhard, contra.*

McBRIDE, C. J.—1-3. The situation disclosed by the record is somewhat out of the usual order in that the respondent seeks to show and must show that the decree rendered in her favor on June 23d, and the order of the court made May 20, 1917, were absolutely void, in order to sustain this motion. Superior Courts possess the undoubted authority to vacate void judgments at any time: *Jones* v. *Jones,* 59 Or. 308, 313 (117 Pac. 414); *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710). The decree entered on June 23, 1917, was, upon the

face of the record, invalid and void because the record
as it then stood did not show a compliance with the
order directing a copy of the summons and complaint
to be forthwith mailed to the defendant at his last
known place of residence, and unless the amendment
to the return gave it validity it was still ineffectual
for any purpose, and the court had the authority to
set it aside, notwithstanding the fact that several
terms had elapsed since its rendition. We are of the
opinion the court had authority to allow the amend-
ment to the return and that upon the making of the
order the decree became valid *ab initio* between the
parties, and all others having actual or constructive
notice of the litigation. The general rule is thus
stated by Mr. Freeman:

"A very important part of the judgment roll is that
containing evidence of the service of process, or the
taking of such other steps as are necessary to give the
court jurisdiction over the person of the defendant;
and it may happen that this part has been omitted
from the roll, or has never been filed in court at all,
or as filed and incorporated in the roll, is defective,
and not sufficient to sustain the jurisdiction of the
court, when attacked on appeal, or by motion to set
it aside, or even when assailed in a collateral action
or proceeding. Then the question arises whether the
omission may be supplied, or the error corrected; and
if so, by what means. As a general rule, an officer
who has made a return of process will be permitted
to amend such return at any time. If the return upon
the summons or other writ designed to give the court
jurisdiction over the person of the defendant, is
omitted or incorrectly made, but the facts really ex-
isted which were required to give the court jurisdic-
tion, the weight of authority at the present time per-
mits the officer to correct or supply his return until
it states the truth, though by such correction a judg-
ment apparently void is made valid. Though the

proof of the service of process does not consist of the return of an officer, the like rule prevails. Thus if a summons has been published in the manner required by law, but the proof of publication found in the files of the court is defective, the court may, on the fact of due publication being shown, permit an affidavit to be filed showing the facts, and when so filed it will support the judgment as if filed before its entry."

1 Freeman on Judgments (4 ed.), § 89-b; *Hefflin* v. *McMinn,* 2 Stew. (Ala.) 492 (20 Am. Dec. 58); *Kirkwood* v. *Reedy,* 10 Kan. 453; *Shenandoah Val. R. R. Co.* v. *Ashby's Trustees,* 86 Va. 232 (9 S. E. 1003, 19 Am. St. Rep. 898).; *Estate of Newman,* 75 Cal. 213 (16 Pac. 887, 7 Am. St. Rep. 146).

4. The reason why such an amendment relates back to the original service and validates the decree already rendered is that it is not the return but the fact of actual service that gives the court jurisdiction, the return being merely the evidence by which the court is informed that service has been made upon the defendant: 21 R. C. L., p. 1331, § 79, and cases there cited. While some courts hold that an amendment of process after judgment can only be made upon notice, we think the better reason and authority at least justify the contrary view: *Woodard* v. *Brown,* 119 Cal. 283 (51 Pac. 2, 542, 63 Am. St. Rep. 108); *Kahm* v. *Mercantile Town Mut. Ins. Co.,* 228 Mo. 585 (128 S. W. 995, 137 Am. St. Rep. 665).

Mr. Freeman, in his work on Executions (p. 358, 3 ed.), criticises the practice of the courts in allowing *ex parte* amendment of process, but concedes that such amendments are not void. This question was thoroughly considered in *Rickards* v. *Ladd,* 6 Sawy. 40 (Fed. Cas. No. 11,804), a case arising in this state in the United States District Court. The circumstances were not substantially different from the case at bar

and the opinion bears the mark of painstaking examination of the authorities, as do all the opinions rendered by Judge DEADY. In discussing the question of the right of defendant to notice of the motion to amend, he says:

"And, first, this is not a jurisdictional matter. The jurisdiction of the court depends upon the service of the process. The proof of the fact, the return, is made by the officer making the service, in obedience to the command of the writ under such regulations as the law may prescribe. The court cannot say what return shall be made, but when made, it becomes a part of the record of the court. The defendant is not a party to the proceeding, and it is made without his consent or notice to him.

"If afterwards it is discovered that a mistake has been made in the matter, the return, being now a record of the court, can only be amended by leave of the court. But still the court does not make the amendment. The authority to amend the return, as in the case of making it, is primarily in the officer, and not in the court; but after making the return, the authority of the officer becomes qualified so that it cannot be exercised without the consent of the court. Strictly speaking, then, the proceeding is one between the officer and the court. It is *ex parte* in its very nature, and no one has an absolute right to notice of it. In contemplation of law the amended return is made under the same sanction and responsibility as the mistaken one. In effect, it becomes the return in the case, and cannot be questioned collaterally by the parties to the action or those claiming under them as privies."

5. The case last referred to presented features which might suggest a more rigid rule against upholding the validity of an amendment than the case at bar. In that case the amendment was procured by the plaintiff and it was the defendant who called it in question. Here the plaintiff pursuing a course that she then believed was in her own interest, asked and

received permission to amend the return and thereafter applied to the court to set aside the order which she had so obtained. As between her and her husband the amendment was perfectly valid. As to other parties we are not called upon to express an opinion further than to say that any party dealing with the property involved in the divorce suit, and with that staring him in the face, would not appear to be in a very good position to plead that he was an innocent purchaser in good faith and without notice. It being settled that the amendment was valid, it requires no discussion to determine that the court had no power to vacate the decree in favor of plaintiff or to set aside the order permitting the amended proof of service after the expiration of the term at which such order was made: *Deering* v. *Quivey,* 26 Or. 556 (38 Pac. 710).

6. The order appealed from is clearly appealable. It affected a substantial right and changed the status of the defendant from that of a single man to that of a married man. His case had been tried and passed to a final decree and he was not required to go through the useless ceremony of retrying it upon an amended complaint, the filing of which the court had no jurisdiction to authorize, before he could appeal.

The other questions raised are merely variations of these already considered and need not be separately discussed.

The motion to dismiss is overruled.

OVERRULED.

Rehearing denied February 25, 1919.

### PETITION FOR REHEARING.

(178 Pac. 799.)

On petition for rehearing on motion to dismiss appeal.                                          OVERRULED.

*Mr. G. Evert Baker,* for the petition.

*Messrs. Cochran & Eberhard,* opposed.

PER CURIAM.—In a petition for rehearing respondent calls attention to several defects in the proceeding to obtain service of summons by publication, in addition to those particularly pointed out in the brief heretofore presented, and insists that these defects rendered the original proceedings wholly void. The objections are serious and go to the vital merits of the appeal, and should not be decided without full oral argument.

We, therefore, adhere to our original decision and deny the motion to dismiss, with permission to renew at the hearing where all the questions raised can be more fully discussed.                          REHEARING DENIED.

---

Argued June 6, reversed June 24, 1919.

### ON THE MERITS.

(182 Pac. 136.)

Order vacating default decree for plaintiff reversed.                                          REVERSED.

For appellant there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. Colon R. Eberhard.*

For respondent there was a brief and an oral argument by *Mr. G. Evert Baker.*

PER CURIAM.—7. The material facts in this case are sufficiently stated in *Wade* v. *Wade, ante,* p. 642 (176 Pac. 192), which involved the determination of a motion to dismiss, which motion went practically to the whole merits of this appeal.

After that decision learned counsel for the plaintiff suggested, upon petition for rehearing, that there were other defects in the original proceedings, which were so serious as to render the order permitting the amendment of proof of service, absolutely void. Whereupon we granted permission to respondent to renew the motion to dismiss, upon the final hearing: *Ante,* p. 649 (178 Pac. 799).

Since that hearing we have carefully re-examined the record and are satisfied the Circuit Court had jurisdiction to permit the amendment *nunc pro tunc,* of the original proof of service, and that the original decree of divorce rendered on June 23, 1917, was a valid decree. This being the case, the court was without power to vacate said decree on May 20, 1918. The order of May 20, 1918, is therefore reversed.

REVERSED.