Argued December 17, 1929; judgment set aside April 15, 1930

# HICKS *v.* HILL AERONAUTICAL SCHOOL
### (286 P. 553)

*Joseph, Haney & Veatch* of Portland (James P. Powers of Portland on the brief) for appellant.

*W. C. Winslow* of Salem (Frank Hollister on the brief) for respondent.

BEAN, J. Defendant assigns as error: (1) That the court erred in adjudging that plaintiff was entitled to recover possession of said airplane from defendant; (2) That the court erred in entering a judgment against the defendant for the balance due upon the conditional sales contract; (3) That the court erred in setting aside and vacating its first judgment and entering a judgment adjudging to plaintiff the right to the possession of said airplane.

Defendant contends that there was no sufficient proof of a demand by plaintiff for the possession of the personal property.

The testimony shows that Mr. Frank Hollister, one of the attorneys for plaintiff, called Mr. Victor, manager of defendant, over the 'phone and had his clerk, Myrtle Cradick, listen in on another 'phone so he would not have to testify. Miss Cradick testified that Mr. Hollister asked if he was "Mr. Strode of the Hill Aeronautical school and he said 'Yes'". Hollister asked Strode to turn the plane over to them that morning. This was March 16, 1928. Strode refused to turn over the plane. Mr. Strode, at the time, did not question Mr. Hollister's authority but recognized it by his refusal.

Mr. Strode was a witness for defendant and did not deny the conversation. There is no room for mistake. The testimony of the demand is ample to prove the allegation of the demand.

The first judgment or "decree" was entered by mistake and was erroneous.

A judgment in an action to recover possession of personal property must be for the possession of property, or the value thereof, in case a delivery cannot be had, and damages for the retention thereof. Section 198, Or. L.

On account of Judge Corkins returning to his own district, after the case was tried, the corrected judgment, which was proper in form, was not entered until the term of court, at which the original judgment was entered, had expired. Or. L., § 3148.

A court has no power to vacate, set aside or amend a judgment after the expiration of the term at which it was rendered, except pursuant to proceedings begun within the proper time and continued to a subsequent term. *Wade v. Wade,* 92 Or. 642 (176 P. 192, 178 P. 799, 182 P. 136, 7 A. L. R. 1143); *First Christian Church v. Robb,* 69 Or. 283 (138 P. 856); *Purdy v. Van Keuren,* 62 Or. 34 (123 P. 1070); *Stivers v. Byrkett,* 56 Or. 565 (108 P. 1014, 109 P. 386); 34 C. J. 211, § 437.

We find an error in the record. The judgment is set aside. The testimony in the case is all contained in the bill of exceptions. We have read the same. From the evidence we are satisfied what judgment should be entered. It is useless to remand the case for a new trial.

The defendant had breached its conditional sales contract in important particulars. No insurance policy was obtained by defendant, as stipulated in the contract. Plaintiff's security was rendered unsafe. The plane had, at various times, been removed from the state of Oregon without plaintiff's consent. Section 3(c) of article 7 of the Constitution was ordained for just such cases. This provides in part as follows:

"Until otherwise provided by law, upon appeal of any case to the supreme court, either party may have attached to the bill of exceptions the whole testimony,

the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court.''

A judgment will be entered in favor of plaintiff and against defendant; that plaintiff have and recover of defendant the possession of one Ox-5 Travel Air, Three-Place Biplane, No. 261, Motor No. 7289, described in plaintiff's complaint, or, in case delivery of possession thereof can not be had, then for judgment against defendant for the value thereof, $1,494, with interest thereon at 8 per cent per annum from February 20, 1928, until paid.

That plaintiff recover of and from defendant the further sum of $250 damages for the wrongful detention of said plane and for plaintiff's costs and disbursements herein.

COSHOW, C. J., and BELT, J., concur.