Submitted on briefs September 5, reversed September 26, 1951

ZIPPER *v.* ZIPPER

235 P. 2d 866

*Joe P. Price, M. E. Tarshis* and *Leo Levenson,* all of Portland, for appellant.

*Lloyd M. McCormick, James L. Means* and *Elton Watkins,* all of Portland, for respondent.

LATOURETTE, J.

This is an appeal by the defendant, Charles Zipper, from a decree of separation from bed and board. There are seven assignments of error; however, it is necessary for us to discuss only the first since it is decisive of the case. The assignment follows:

"The court was without jurisdiction, after the expiration of its June term, to set aside and vacate the original decree of divorce obtained by respondent on July 21, 1948, and to allow her on motion, during the January term, to file an amended complaint."

Following is the chronology of events: On July 21, 1948, plaintiff, Grayce G. Zipper, filed a suit against defendant for divorce. A demurrer was interposed to the complaint which was overruled. A default was entered against defendant and there being no further appearance, plaintiff, on July 21, 1948, was granted a decree of divorce, which also approved a property settlement agreement entered into between the parties.

On December 10, 1948, plaintiff filed a motion in the divorce case to set aside the decree of July 21, 1948, based on § 1-1007, O.C.L.A., on the grounds that she had been subjected to duress and coercion in enter-

ing into the property settlement agreement. On January 21, 1949, the court vacated and set aside the original decree of divorce. Proceedings were then had which matured into the decree of separation.

The pivotal question is whether or not the court at a subsequent term of court, to-wit, January, 1949, had jurisdiction, power and authority to set aside the decree of divorce previously entered on July 21, 1948.

■ We have uniformly held that unless control of a judgment is reserved by judicial action or statutory provision, it becomes final at the close of the term of court, and the court is without jurisdiction to disturb the same, and any action in this regard is absolutely void. See *Bogh v. Bogh,* 185 Or. 93, 202 P. 2d 503; *Hicks v. Hill Aeronautical School,* 132 Or. 545, 286 P. 553; *Wade v. Wade,* 92 Or. 642, 176 P. 192, 178 P. 799, 182 P. 136; *Stites v. McGee,* 37 Or. 574, 61 P. 1129; *Deering v. Quivey,* 26 Or. 556, 38 P. 710.

Reverting to the July 21, 1948, decree of divorce, we find no reservation of control by judicial action contained therein. We must then turn to the statute upon which plaintiff relies, which is § 1-1007, supra, the applicable portion reading as follows:

"* * * and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

In the early case of *Stites v. McGee,* supra, we construed the above statute where the defendant sought to set aside the decree entered on his written stipulation. The following language was employed:

"* * * The decree in question, however, was not taken against the defendants through any of the

causes enumerated in the statute, but was rendered with their knowledge and by their express consent, and hence does not come within the provisions of the section referred to. True, it is alleged that the stipulation or contract which forms the basis of the decree was entered into through the mutual mistake of the parties, but it is not claimed that there was any mistake or inadvertence about the decree itself. * * * The only way it can be attacked or impeached after the expiration of the term, whatever the rule may be during the term, is by an original bill, on the ground of fraud or mutual mistake. * * * The court * * * had no power or authority to set aside or vacate the decree on motion after the expiration of the term, and its order attempting to do so is consequently void and reviewable on appeal.''

In *Deering v. Quivey,* supra, we had the following to say concerning § 1-1007:

"* * * The liberal provisions of the statute above quoted are intended for the benefit of those who, by reason of any of the causes therein assigned, have not had their day in court. The defendants, having had this right, can not claim any relief under that section of the statute.''

■ So, in the instant case plaintiff, having had her day in court and the decree of divorce having been in her favor and not against her, the trial court in vacating the divorce decree proceeded without jurisdiction.

We have considered 16 Oregon cases and several textbooks cited in plaintiff's brief, and, without specifically noting them, have divided the Oregon cases into five categories, i.e., nine cases involved motions to set aside judgments or decrees by the party against whom such judgments or decrees were entered; three involved cases of direct attacks by original suits; one case

involved the custody of children; one case was not in point; the last two cases being *Crabill v. Crabill,* 22 Or. 588, and *Dyer v. Thrift et al.,* 124 Or. 249, 264 P. 428, which two we will now discuss.

In the Crabill case plaintiff, having obtained a divorce decree, later instituted a second divorce proceeding. The defendant answered, and, after denying the material allegations, set up a further defense that the parties were previously divorced by the circuit court of Umatilla county. To this further and separate defense plaintiff generally demurred. The demurrer was overruled, whereupon plaintiff refused to proceed further and a decree of divorce was entered. The court held that the court in the original divorce suit had jurisdiction of the subject matter and the parties, and that the divorce decree was valid. Speaking through Mr. Justice LORD, we said:

"* * * But this is not the proper method to get rid of that decree. If the plaintiff was dissatisfied with the former decree by reason of any mistake or inadvertence, she could have found a remedy to correct it or vacate it under section 102, Hill's Code, on a proper showing; or, if there was any fraud or collusion practiced upon her when the decree was procured, she could have resorted to equity to set it aside, and obtained her just rights in the premises."

That portion of the above statement that plaintiff could have proceeded to vacate under "section 102, Hill's Code" is pure dictum and is merely an observation of the judge. It is not within the issues, it is not good law, nor is it binding as a precedent, and is expressly overruled.

In the Dyer case, supra, we have examined the decision rendered therein, also the abstract of record

and briefs on file, and find that plaintiff there brought a suit to foreclose a mechanic's lien. After the trial there were filed by the clerk findings of fact, conclusions of law and a decree, whereupon at a subsequent term of court the trial judge, on his own motion, entered an order vacating the decree, setting out, among other things, that the findings, conclusions and decree were filed through inadvertence and mistake, and that they were not in truth and fact rendered by the court. Based on this recital, the findings, conclusions and decree were set aside, whereupon the court entered further findings of fact, conclusions of law and a decree. The question was raised by the appellants that the court had no authority to vacate the original purported decree and enter another decree. Since the order of the court with its recitals setting aside the original purported decree imports verity, the matter stands as if no decree had been entered at all, and the court then had full authority at any time to enter its proper decree. On the appeal we tried the case *de novo* and adopted the true decree of the lower court.

A more recent decision written by the author of the Dyer opinion is *Safeway Stores v. Ohlsen,* 192 Or. 1, 233 P. 2d 778. It holds, as we now hold, that after the expiration of the term in which a decree or judgment was entered, the court cannot amend, revise or vacate it unless power so to do was reserved. See also *Stretch v. Murphy,* 166 Or. 439, 446, 112 P. 2d 1018; *Lothstein v. Fitzpatrick,* 171 Or. 648, 658, 138 P. 2d 219; *Mutzig v. Hope,* 176 Or. 368, 374, 158 P. 2d 110; *Bogh v. Bogh,* supra, p. 104.

Plaintiff has considerable to say in her brief about the power of a court of equity to give relief where

there is fraud or coercion. We agree that such power reposes in a court of equity in a proper proceeding, such as a direct attack by original suit. But we are not here dealing with a court of equity; we are dealing with a divorce court. A divorce court is a court of limited jurisdiction, and it enjoys no power whatever except that expressly conferred upon it by statute. We have held many times that proceedings in a suit for divorce are purely statutory, and the powers which the court exercises are the mere creation of statute. It is well established in this state that a circuit court, though a court of general jurisdiction, when exercising a special power conferred upon it by statute, and not according to the course of the common law, is a court of special and inferior jurisdiction, and is limited in its powers to those enumerated in the statute. *Quinn v. Hanks et al.,* 192 Or. 254, 233 P. 2d 767, 772; *Voltz et ux. v. Abelsen,* 190 Or. 319, 224 P. 2d 213, 225 P. 2d 768; *Garner v. Garner,* 182 Or. 549, 189 P. 2d 397; *Gooden v. Gooden,* 180 Or. 309, 176 P. 2d 634; *State ex rel. v. Tolls,* 160 Or. 317, 85 P. 2d 366, 119 A.L.R. 1370; *Northcut v. Lemery,* 8 Or. 316.

The trial court in setting aside the divorce decree acted beyond its jurisdiction, which action rendered such vacating order null and void and of no effect, the same being *coram non judice,* and all proceedings taken subsequent thereto in the case were likewise null and void and of no effect. Reversed.

TOOZE, J., did not participate in this decision.