Submitted on brief for appellant December 5, reversed
December 19, 1951

## STATE EX REL. *v.* ZIPPER

238 P. 2d 743

*Leo Levenson, M. E. Tarshis* and *Joe P. Price,* all of Portland, filed a brief for appellant.

No appearance by respondent.

LATOURETTE, J.

On the 3rd day of July, 1951, the trial court adjudged defendant, Charles Zipper, in contempt of court for willfully violating the court's order theretofore

made and entered on February 27, 1951, which directed defendant to pay to plaintiff the sum of $400 in a separate maintenance suit then pending on appeal. Defendant appeals to this court from such order of contempt.

On July 21, 1948, the relator was granted a decree of divorce from defendant. Later, plaintiff moved to have such decree set aside to enable her to file an amended complaint. The Honorable Alfred P. Dobson, judge of the court then sitting, ordered the decree vacated and permitted an amended complaint to be filed. Proceedings were had which culminated in a decree for separate maintenance; thereupon defendant appealed from said decree to this court, and, pending the appeal, an order was entered directing defendant to pay $400 support money. For failure to pay such support money, defendant was held in contempt of court, which brought about the present appeal.

On September 26, 1951, in the case of *Zipper v. Zipper,* reported in 192 Or 568, 235 P2d 866, we held the order of January 21, 1949, vacating the original decree to be void and said, "* * * all proceedings taken subsequent thereto in the case were likewise null and void and of no effect."

The contempt proceedings sprang from the order held void; therefore, the order adjudging defendant to be in contempt was likewise void. When the foundation is removed, the structure collapses. Reversed; no costs allowed.

Tooze, J., did not participate in this decision.