Argued October 9, affirmed November 20, 1957

# FEAREY *v.* ZIPPER
318 P. 2d 310

*David Weinstein,* Portland, argued the cause and filed a brief for appellant.

*Don S. Willner,* Portland, argued the cause for respondent. On the brief were Crawford & Willner, Portland.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

PERRY, C. J.

The plaintiff filed this suit as assignee of Mr. Stephen M. King, a duly licensed and practicing attorney, to recover the reasonable value of Mr. King's legal services rendered at the request and on behalf of the defendant. The jury returned a verdict for the plaintiff and the defendant appeals.

This case arises as a result of the domestic difficulties of the defendant. Grayce Zipper, then the wife of the defendant herein, on July 21, 1948, filed her suit for divorce; the defendant made immediate appearance and on that same day a trial was had, resulting in a decree of divorce for Mrs. Zipper which approved a property settlement of the parties. On December 10, 1948, and after the term of court at which the decree of divorce was rendered, Mrs. Zipper filed a motion in the divorce suit to set aside the previous decree. The grounds of her motion were based upon the fact that she had entered into the property settlement under duress and coercion and that the decree should be set aside under the provisions of § 1-1007, OCLA, now ORS 16.050 and 18.160. On January 21, 1949, the prior decree of divorce was set aside and vacated, and by order of the trial court Mrs. Zipper was permitted to file her amended complaint, together with a motion for support money, attorney's fees, and

court costs pendente lite. An order for the defendant Zipper to show cause was issued. While these proceedings were being had, Mr. Zipper was represented by counsel other than Mr. King. The portion of the record in the divorce case which was filed as an exhibit in the present case discloses that on February 4, 1949, Mr. King was substituted as Mr. Zipper's attorney, and he obtained an order extending time to answer or otherwise appear in the divorce case. This record also sets forth the original divorce decree, the motion to set it aside, and the order setting it aside, all with the dates when filed with the clerk of the court thereon. The oral testimony in the case before us discloses that Mr. King then prepared for the trial of the divorce suit and, after approximately three days of trial had elapsed, he, at the request of Zipper, resigned and other attorneys were employed to conclude the trial.

The decree in the divorce suit was challenged by appeal to this court by the defendant, and that decree and all proceedings had subsequent to the entry of the original decree of divorce were set aside by this Court as null and void, for the reason that the circuit court of Multnomah county was without jurisdiction to set aside the original decree on motion of the prevailing party after the legal term of the trial court at which the original decree had been granted had expired. See *Zipper v. Zipper,* 192 Or 568, 235 P2d 866.

The defendant assigns as error the following adverse rulings of the trial court, all of which pertain to the admission of evidence offered by the defendant.

The defendant on cross-examination of Mr. King asked the following question:

"Q Mr. King, was the case of Zipper against Zipper reversed by the Supreme Court on the prop-

osition Judge Dobson didn't have any jurisdiction to set aside the original order—"

An objection was made by the plaintiff and the objection sustained.

The defendant called Mr. Leo Levenson, a member of the Bar of this state, qualified him as an expert witness, and asked the following questions, to which objections were sustained:

"Q Now, if an appeal from the order of Judge Dobson of the 21st of January, 1949, setting aside the divorce decree of July 21, 1948 had been taken by Mr. King would there have been any necessity for further proceedings in the Circuit Court?

\* \* \* \* \*

"Q Was the ruling of Judge Dobson, setting aside the divorce decree, entered on July 21, 1948, reversed in the Supreme Court?"

The defendant then made the following offer of proof, which was rejected by the trial court:

"Q In your opinion, Mr. Levenson, if Mr. King had appealed the ruling of Judge Dobson of January, 1949, would there have been any necessity for further proceedings in the Circuit Court in Multnomah County?

"A The results of the case indicate no."

The defendant further proffered as evidence the mandate of this Court in the case of *Zipper v. Zipper,* supra, which provided:

"It is hereby ordered, adjudged and decreed that all proceedings had and taken in the above entitled suit during the January, 1949 term of Court are null and void and have no effect and all proceedings taken subsequent thereto are likewise null and void and of no effect, and the same are hereby cancelled, set aside and terminated as being beyond the jurisdiction of this Court."

This offer was denied by the trial court.

While the evidence discloses Mr. King performed some services for the defendant not connected with the divorce suit, and the defendant generally admits that it was necessary for Mr. King to examine the records in the divorce suit as far as the proceedings had progressed at the time of the attorney's employment, it is the defendant's contention that Mr. King's services in connection with conferences, appearances in court, and the trial of the divorce suit were wholly unnecessary and of no value, because at the time of Mr. King's employment the law of this state was that the order of the trial court setting aside the decree of divorce at the request of the prevailing party at a subsequent term was null and void and a final appealable order; that is, all that was required of Mr. King was to appeal to this Court the order setting aside the decree of divorce.

The statement of the contention of the defendant shows the irrelevency of the defendant's proffered evidence, and the correctness of the trial court's rulings. The final result of a case is not a test of an attorney's right to payment for his services. Nor would the evidence offered be proof that the established law of this state, at the time Mr. King was employed, would support the defendant's contention. It is the duty of the court to determine the law and the duty of a jury to determine questions of fact. The submission of this evidence would be to permit the jury to pass upon a question of law and would be wholly improper.

It is true, as contended by the defendant, that at the time Mr. King was employed it was the established law of this state that the trial court had no power to vacate the decree in favor of the plaintiff under the circumstances as shown by the records received in the case of *Zipper v. Zipper. Wade v. Wade,* 92 Or 642,

176 P 192, 178 P 799, 182 P 136. But that was a matter of law for the trial court to determine and the defendant was entitled to an instruction to that effect, if requested. No such instruction was requested.

The judgment of the trial court is affirmed.