Argued December 15, reversed and remanded December 29, 1960

# CHAMBERS *v.* ZIPPER
### 357 P. 2d 1105

*Sol Siegel*, Portland, argued the cause for appellant. On the briefs were Goldsmith, Siegel & Goldsmith, Portland.

*Carlton R. Reiter*, Portland, argued the cause for respondent. On the brief were Reiter, Day & Anderson and Robert C. Wall, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and HOWELL, Justices.

PER CURIAM.

This is an appeal from a decree granting specific performance of a property settlement agreement made by the parties as an incident to a divorce had by them in July, 1948. See *Zipper v. Zipper*, 192 Or 568, 235 P2d 866, and *State ex rel Zipper v. Zipper*, 193 Or 483, 238 P2d 743. Under the terms of this agreement, not made a part of the decree, the defendant, among other things, agreed to pay plaintiff $75 per week until it was determined by her physician that she was able to walk and resume work. Plaintiff sought by this suit to compel payment of certain amounts alleged to be in arrears. Defendant's demurrer to the complaint having been overruled and failing to further plea, a decree was entered in accordance with prayer of plaintiff's complaint. From that judgment defendant appeals.

While this appeal was pending plaintiff died and Marilyn W. Chambers was appointed administratrix of the decedent's estate and later substituted as plaintiff and respondent in this matter.

The respondent during the course of the oral argument suggested that the appeal was probably moot by reason of plaintiff's death and that the case should be remanded with the privilege to plaintiff to file an amended complaint in law. When the court called this proposal to the attention of appellant's counsel and inquired if it would not accomplish the purpose of the appeal, appellant's counsel replied that he thought it would. Thus, the parties were made to appear in substantial accord as to what was the proper course in the premises.

We believe that the circumstances present here justify such action and, therefore, the decree of the circuit court is reversed and the cause remanded with permission to plaintiff to file an amended pleading with the equitable matters eliminated and to proceed at law. *Nelson v. Smith*, 157 Or 292, 69 P2d 1072.