Argued and submitted February 10, resubmitted in banc May 2, reversed
October 10, 1984

In the Matter of the Marriage of

## THOMAS,
*Respondent,*

*and*

## THOMAS,
*Appellant.*

## STATE ex rel THOMAS et al,
*Respondents,*

*v.*

## THOMAS,
*Appellant.*

(96073; CA A29136)

689 P2d 348

John C. Fisher, Eugene, argued the cause for appellant. With him on the brief was Thompson, Mumford, Anderson & Fisher, Eugene.

No appearance for respondents.

ROSSMAN, J.

Gillette, J., concurring in part.

Buttler, J., dissenting.

## ROSSMAN, J.

Father appeals an order modifying a decree of dissolution and requiring him to pay $150 per month directly to his daughter. We reverse.

This case involves a 19-year-old girl, who is currently living with her maternal grandparents. She is the only child of a marriage that was dissolved in 1970. The original decree awarded her custody to mother and required father to pay child support of $60 per month. In 1981, her custody was changed to father and his obligation to make support payments was terminated. Daughter left home in July, 1982, and moved in with her grandparents. The following January, she began attending Lane Community College on a full-time basis.

In May, 1983, mother and daughter, through attorney Robert A. Miller, petitioned the court to hold father in contempt for his failure to pay support and sought to increase his support obligation to $200 per month. The pleadings named mother only in the caption and she alone was referred to as plaintiff. Father answered by alleging that the previous support obligation had been terminated. In June, 1983, attorney Miller filed a motion to have costs waived. The motion was filed on behalf of daughter and the attached affidavit spoke to her indigency. Mother was not mentioned in either the motion or affidavit, although she and not daughter was again named in the caption. At the hearing, Miller acknowledged that father was not subject to any support order and conceded that there was no basis for finding him in contempt. Nevertheless, a request was made for the court to impose a new support obligation on father.[1] Following the hearing, the trial judge issued his order, which reads, in pertinent part:

"* * * [H]aving found that Twyla Marie Thomas is a child attending school as defined in ORS 107.108 and being otherwise fully advised;

"IT IS HEREBY ORDERED that the Decree of Divorce on file herein be and hereby is modified to provide that Defendant John Paul Thomas pay Twyla Marie Thomas the sum of $150 per month * * *."

---

[1] There is no motion for a change of custody in the record.

Father appeals and he alone filed a brief with this court. The sole issue he raises is whether a custodial parent may be ordered to pay support to "a child attending school," as defined by ORS 107.108(4).

Before we reach the merits, we note what appears to be a procedural problem with this case. As stated earlier, the pleadings in this case list mother as sole petitioner, and Robert A. Miller as her attorney. Although it is somewhat difficult to ascertain who Miller actually represented, it appears from the transcript that by the time of the hearing, daughter was his only client in this case.

> "In any event, your Honor, my client, who sits beside me now, is not obviously Kathleen May Thomas [mother]. It is the daughter, Twyla. And pursuant to ORS 107.108(3), she is a party to this action. She is a child attending school. * * *"

We do not believe that daughter qualifies as a party. ORS 107.108(3), on which she relies, provides:

> "If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision."

It is clear that, before a child is deemed a party under this statute, the court must have provided for the "support and maintenance of the child" pursuant to ORS 107.108. The previous support order was terminated, and no new order has taken its place. Because there was no child support order whatsoever before the initiation of this proceeding, the statute's threshold requirement has not been met. Accordingly, daughter cannot be a party.

As noted earlier, the request to impose a new support obligation on father was made for the first time at the hearing. If mother was no longer in the picture at that time, as suggested by counsel, then that request could only have been made by daughter through her attorney. Because daughter was not and could not be a party to the proceeding, that request should necessarily have been denied. The trial judge's failure to do so is clearly reversible error.

Even if we reach the merits by assuming *arguendo* that daughter is a party, we would still be required to reverse, because the trial court acted without authority. The court's

authority to grant relief in dissolution cases is entirely statutory. *Grayson v. Grayson,* 222 Or 507, 513, 352 P2d 738 (1960); *Zipper v. Zipper,* 192 Or 568, 574, 235 P2d 866 (1951). Accordingly, an order requiring a custodial parent to pay support cannot be valid unless it is authorized by statute.

■       ORS 107.105 lays out the powers a domestic relations court may exercise in fashioning its orders. At the time the order here in dispute was issued, ORS 107.105(1)(b) (*amended by* Or Laws 1983, ch 728, § 2) provided, in pertinent part:

"Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(b)    For the recovery from the party not allowed the care and custody of such children, or from either party or both parties if joint custody is decreed, such amount of money, in gross or in instalments, or both, as may be just and proper for such party, either party or both parties to contribute toward the support and welfare of such children. * * *"

A plain reading of this section discloses that only a noncustodial parent can be obligated to pay support, unless joint custody is decreed.

■       The trial judge and the dissent apparently rely on the fact that daughter is "a child attending school" under ORS 107.108. ORS 107.108(1)(b) provides:

"In addition to any other authority of the court, the court may provide for the support or maintenance of a child attending school:

"* * * * *

"(b)    In a decree of annulment or dissolution of a marriage * * *."

Read in isolation, this language could be construed as an independent grant of power, authorizing courts to order custodial parents to pay support to children attending school. However, in *Eusterman and Eusterman,* 41 Or App 717, 724, 598 P2d 1274 (1979), we noted that, when the age of majority was reduced to 18 years,

"* * * the question arose of whether the change in age of majority meant support could continue past age 18. The legislature responded by adopting ORS 107.108. Regardless of

the imperfection in its wording, we think the intent is clear: children of parents of a dissolved marriage who are between 18 and 21 and actually attending school will continue to be treated for child support purposes on substantially the same basis as they had under prior law. * * *"

Thus, ORS 107.108 does nothing more than authorize courts "to extend the duty to support beyond what is otherwise statutory majority; it does not create a separate support obligation." 41 Or App at 722; *see also Smith and Smith,* 44 Or App 635, 641, 606 P2d 694 (1980). That our holding in *Eusterman* specifically limited the applicability of ORS 107.108 to noncustodial parents is obvious from the following passage:

"The wording of ORS 107.108 thus creates a possibility of instability of a decree. A child during his 18th and 19th year might not attend school. Under ORS 107.108 the *noncustodial* parent would have no duty of support that could be enforced by way of an original or modified decree. But the same child might then become a full time student during his 20th year. Under ORS 107.108 the occurrence of this event could reactivate the *noncustodial* parent's legal duty to support. *Noncustodial* parents might prefer a regimen in which the limits of their obligation was not dependent on such external events. But ORS 107.108 represents a clear legislative judgment that a child's need for education support up to age 21 is more important than guaranteeing *noncustodial* parents certainty about the existence or extent of their support obligation for the three years their children are between 18 and 21." 41 Or App at 724. (Emphasis supplied.)

The dissent contends that our reading of ORS 107.108 is too narrow. However, in its quest for fairness, the dissent has relied on generalities and inferences, while ignoring the specific holdings of the very cases on which it relies. In *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), the Supreme Court spelled out a new standard for use in setting the support levels of noncustodial parents. In *Eusterman,* a noncustodial father appealed an order requiring him to continue paying support to each of his four children after they reached 18 years. We affirmed, holding that ORS 107.108 does not create a new parental obligation, but only empowers courts to extend a noncustodial parent's preexisting duty to pay support beyond a child's eighteenth birthday, if the child is attending school. Contrary to what the dissent suggests, neither these

cases nor any others have sustained a trial court order requiring a custodial parent to pay support.

■    We realize that the result in this case may seem to be inequitable, especially since father's custody over daughter only exists on paper. However, we cannot ignore the fact that there is no statutory authority to allow us to impose a support obligation on a custodial parent. Simply stated, there is a *"glitch"* in the law. In those areas of the law governed strictly by statutes (such as we have here), glitches can lead to seemingly unfair results. But, filling in the glitches is not a job for judges; it is the exclusive function of the legislature. We do not create statutes; our task is simply to apply them. Accordingly, we conclude that the trial court lacked authority to impress a support obligation on father.

Reversed. No costs to either party.

**GILLETTE, J.,** concurring in part.

I join in so much of the majority opinion as is necessary to explain our reversal of the trial court's decree on grounds that the party appearing as petitioner below lacked legal capacity to seek the judicial relief in question. I express no opinion as to the merits, which we need not — and, therefore, should not — reach.

**BUTTLER, J.,** dissenting.

The majority reads the statutory provisions relating to child support too narrowly. In doing so, it appears to treat the custodial parent as having no duty to support the parties' child. It is true, as the opinion states, that when the child's custody was changed to father in 1981, his obligation to make support payments was terminated. All that means is that, although he was no longer obligated to make payments to mother for child support, he was, nevertheless, obligated to *provide* lodging, food, clothing, and so forth, to the child. Under *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), that support obligation, under appropriate circumstances, may be apportioned in dollar amounts between the custodial and non-custodial parents.

That duty to provide support does not necessarily terminate after the child has attained the age of majority, if

the child is attending school, ORS 107.108(1)(b),[1] and is under 21. *Eusterman and Eusterman,* 41 Or App 717, 598 P2d 1274 (1979). The majority would read that statute to apply only to the noncustodial parent. I respectfully submit that that interpretation is neither correct under a literal reading of the statute, nor does it make sense. The statute clearly provides that "the court may *provide for* the support or maintenance of a child attending school;"[2] it does not say that the court must require the noncustodial parent to pay that support or maintenance to the custodial parent for the use of the child. In fact, the statute expressly states that the authority so granted is "in addition to any other authority of the court." Here, the trial court modified the decree to *provide for* that support or maintenance.

The majority's restrictive reading of the statute does not make sense for at least two reasons: (1) a child who is over the age of majority may not be placed in the legal "custody" of either parent in the sense of the domestic relations statutes;[3] accordingly, neither parent is the custodial parent here; and

---

[1] ORS 107.108(1)(b) provides:

"(1) In addition to any other authority of the court, the court may provide for the support or maintenance of a child attending school:

"* * * * *

"(b) In a decree of annulment or dissolution of a marriage or of separation from bed and board."

[2] ORS 107.108(4) provides:

"As used in this section, 'child attending school' means a child of the parties who is unmarried, is 18 years of age or older and under 21 years of age and is a student regularly attending school, community college, college or university, or regularly attending a course of vocational or technical training designed to fit the child for gainful employment. A child enrolled in an educational course load of less than one-half that determined by the educational facility to constitute 'full-time' enrollment is not a 'child attending school.' "

[3] ORS 107.105(1)(a) and (c) provide, as relevant:

"(1) Whenever the court grants a decree of marital annulment, dissolution or separation, it has power further to decree as follows:

"(a) For the future care and custody, by one party or jointly, of all minor children of the parties born, adopted or conceived during the marriage, and for minor children born to the parties prior to the marriage, as the court may deem just and proper pursuant to ORS 107.137. Whenever there is a petition before the court on the issue of child custody, the court may hold a hearing to decide the custody issue prior to any other issues.

(2) the duty to support a child who is over age 18 and under age 21 who is attending school may be apportioned between the parents under the rationale of *Smith v. Smith, supra,* regardless of which of them, if either, has "custody." Here, the adult child was living with her grandparents at the time of the hearing, and father had neither physical nor legal custody of daughter.

Concededly, this case is clumsy procedurally, because the 1981 order changing custody from mother to father did not specifically require father to provide for the support or maintenance of the child under the circumstances presented here. As indicated above, however, I think that it could have done so, but, because it did not, the trial court properly found father not to be in contempt of that order. However, mother also filed a motion to modify the decree to add that specific requirement.

Pursuant to ORS 107.108(3),[4] daughter was a party, and father treated her as a party. The statute does not say that the child shall be made a party, it states that the child *is* one if the court provides for the support and maintenance of the child attending under that section. It is clear from the record that the child was present in court and that the petitioner's counsel was representing her. On daughter's motion, the court ordered that the show cause hearing's costs be waived. The order from which this appeal is taken recites that daughter appeared personally and by counsel. Father's notice of appeal

---

"\* \* \* \* \*

"(c) For the recovery from the party not allowed the care and custody of such children, or from either party or both parties if joint custody is decreed, such amount of money, in gross or in instalments, or both, as constitutes just and proper contribution toward the support and welfare of such children. The court may at any time require an accounting from the custodial parent with reference to the use of the money received as child support. The court is not required to order support for any minor child who has become self-supporting, emancipated or married, or has ceased to attend school after the age of 18. In determining the amount of the child support, the court shall consider the economic needs of the children and determine payment by the parents in proportion to their respective ability to pay. \* \* \*"

[4]ORS 107.108(3) provides:

"If the court provides for the support and maintenance of a child attending school pursuant to this section, the child is a party for purposes of matters related to that provision."

is directed to both mother and daughter, and states that daughter is an adverse party. The majority says that daughter does not qualify as a party, apparently because they believe that "the court *must have* provided for the 'support and maintenance of the child' pursuant to ORS 107.108." (70 Or App at 320; emphasis supplied.) The statute does not say that. It says, "If the court *provides* for the support * * * the child *is* a party for purposes of matters related to that provision." (Emphasis supplied.) The order here "provides" for the support of daughter and she is, therefore, a party as a matter of law.

In spite of the clumsiness of the statutes and of the procedure followed here, I believe the trial court had authority to modify the decree to provide specifically for the support and maintenance of the child attending school. I would affirm.

Richardson and Van Hoomissen, JJ, join in this dissent.