Argued and submitted July 10, reversed and remanded December 23, 1987

## STATE ex rel STATE OF ALASKA, CHILD SUPPORT ENFORCEMENT DIVISION ex rel LACEY,
*Appellant,*

*v.*

## HARGROVE,
*Respondent.*

(71-482-E; CA A41305)

747 P2d 366

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals the denial of its motion for an order requiring father to reimburse Alaska for child support benefits that it paid to mother. At issue is whether a violation by mother of a custody judgment may be raised by father as a defense in an action to obtain child support under the Uniform Reciprocal Enforcement of Support Act (URESA). We reverse and remand for a determination of the amount of support that father should be required to pay.

Mother, Deanna Lacey, and father were divorced in 1972. He was later granted legal custody of their daughter. In 1982, the daughter went to be with mother during a summer visitation period and did not return. Father attempted unsuccessfully to contact his daughter but did not initiate any legal measures to secure her return. Mother began receiving public assistance from Alaska in the form of an Aid to Dependent Children grant in December, 1984.

On October 2, 1985, the Alaska Child Support Division initiated this action to recover past and future child support from father. A complaint and certified petition were transmitted from an Alaska court to the trial court, which issued an order to show cause why it should not require father to reimburse Alaska and also pay child support. The court denied the motion on the basis that father had been awarded legal custody of the child and that mother had interfered with his custody rights.

By the enactment of ORS 25.240, the legislature clearly indicated that parents may not use legal custody as a shield to deny support obligations.[1] It provides, in part:

"(1) Notwithstanding any other law, where a court or the administrator has the authority under ORS chapter * * * 110 [URESA] * * * to require a parent without legal custody to pay support for a minor child, then the court or administrator may require a parent with legal custody to pay support for such a child as long as that parent does not have physical custody of such child or is not providing the child with the necessities of life, including but not limited to lodging, food and clothing."

---

[1] This statute abrogates our rulings in *Thomas and Thomas,* 70 Or App 317, 323, 689 P2d 348 (1984), and *Dept. of Human Resources v. McGraw,* 68 Or App 834, 683 P2d 154, *rev den* 298 Or 238 (1984).

State governments that have furnished public assistance to minor children have an independent right to seek reimbursement and continuing support from parents. Even in the absence of a court order, parents may be compelled to support their children in an URESA proceeding. *Clarkston v. Bridge,* 273 Or 68, 539 P2d 1094 (1975); *State ex rel State of California v. Lagoy,* 54 Or App 164, 634 P2d 289 (1981). Father's legal status as custodial parent does not release him from his duty of support under ORS 25.240.

Father argued in the trial court that mother's wrongful interference with his custody of the child excuses him from any obligation to pay child support.[2] That contention is without merit. The support obligation runs to the child, not to mother. Moreover, as we explained in *State ex rel State of Washington v. Bozarth,* 80 Or App 397, 722 P2d 48 (1986), the interstate enforcement of support obligations would be greatly impaired if matters of custody, visitation and individual conduct were considered by the responding court in an URESA proceeding.

Reversed and remanded to determine amount of child support.

---

[2] Father did not submit a brief for our review, and the trial record does not contain any legal memorandum from him. Our characterizations of father's legal arguments are based solely on our reading of the trial transcript.