Argued and submitted September 20, affirmed October 19, 1994

In the Matter of the Marriage of

Timothy George GREENFIELD,
*Appellant,*
*and*

Shirley Leilani GREENFIELD,
nka Shirley Leilani Sipler,
*Respondent.*

(45102; CA A83144)

883 P2d 253

Douglas W. Moore argued the cause and filed the brief for appellant.

Russell Lipetzky argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Father appeals an order modifying a judgment of dissolution of marriage that requires him to pay child support. ORS 107.135(2). He argues that the court erred because he continues to be the custodial parent. We affirm.

When their marriage was dissolved in 1986, the parties were awarded joint custody of their children. In 1993, father brought a motion requiring mother to show cause why he should not be awarded sole custody of the children and why his child support obligations should not be eliminated. At the hearing, the parties stipulated that father would have custody. They also agreed to a visitation schedule that will result in the children spending 37 percent of the nights each year with their mother. The visitation agreement falls within the shared custody provisions of the child support guidelines. OAR 137-50-450. Under that rule, the court ordered father to pay mother $267 per month for the support of their children.[1]

Father contends that ORS 107.105(1)(c) does not authorize a court to impose a child support obligation on a custodial parent. ORS 107.105(1)(c) says that a court may provide:

> "For the recovery from the party not allowed the care and custody of such children, or from either party or both parties if joint custody is decreed, such amount of money * * * as constitutes just and proper contribution toward the support and welfare of such children."

In *Thomas and Thomas*, 70 Or App 317, 321, 689 P2d 348 (1984), we said that "[a] plain reading of [ORS 107.105(1)(c)] discloses that only a noncustodial parent can be obligated to pay support, unless joint custody is decreed," and we concluded "that there is no statutory authority to allow us to impose a support obligation on a custodial parent." 70 Or App at 323.

---

[1] OAR 137-50-450 establishes a formula for the determination of child support when parents share physical custody of their children. That rule applies because of the extent of visitation that mother enjoys. It was adopted as part of the child support guidelines in 1989, pursuant to ORS 25.270 *et seq.*

■ After we decided *Thomas*, the legislature promulgated ORS 25.240(1). Or Laws 1985, ch 610. It provides:

"Notwithstanding any other law, where a court or the administrator has the authority under ORS chapter 107, 108, 109 or 416, or ORS 110.005 to 110.291, 419B.400 to ·419B.406 or 419C.590, 419C.592 and 419C.597 to require a parent without legal custody to pay support for a minor child, then the court or administrator may require a parent with legal custody to pay support for such a child as long as that parent does not have physical custody of such child or is not providing the child with the necessities of life, including but not limited to lodging, food and clothing."

In *State ex rel State of Alaska v. Hargrove*, 89 Or App 17, 19, 747 P2d 366 (1987), we held that ORS 25.240 abrogated our ruling in *Thomas and Thomas, supra*, and,

"[b]y the enactment of ORS 25.240, the legislature clearly indicated that parents may not use legal custody as a shield to deny support obligations." 89 Or App at 19.

Thus, under ORS 25.240, a parent may be ordered to pay child support notwithstanding that parent's status as the custodial parent.

■ Nonetheless, father argues that ORS 25.240 is inapplicable to shared custody situations. He argues that the statute was not intended to govern instances such as these, which involve shared custody, but applies only when the physical custody is not shared. We disagree, because the statute on its face does not limit its application, and we are not at liberty to amend the statute. *See* ORS 174.010. ORS 25.240 plainly authorizes a court to impose a support obligation for "as long as" the custodial parent does not have physical custody. Moreover, in enacting legislation, the legislature's awareness of existing laws is presumed. *State v. Waterhouse*, 209 Or 424, 436, 307 P2d 327 (1957); *Plattner v. VIP's Industries, Inc.*, 95 Or App 351, 354, 768 P2d 440, *rev den* 308 Or 79 (1989). OAR 137-50-450 was promulgated based on the statutory scheme in ORS 25.270 through ORS 25.285.[2]

---

[2] The statutes require the Support Enforcement Division of the Department of Justice to adopt the necessary administrative rules to determine an award of child support. ORS 25.275 sets forth the criteria and standards the Support Enforcement Division is to consider in promulgating the guidelines. They include:

Those statutes, as well as OAR 137-50-450, were enacted after the adoption of ORS 25.240.[3] The legislature did not modify or repeal ORS 107.105(1)(c) and must have intended both ORS 25.240 and ORS 107.105(1)(c) to have effect.

Also, father argues that ORS 25.240 must be read in a manner that is consistent with ORS 107.105(1)(c). The statute says, "[n]otwithstanding any other law," including ORS chapter 107, a court may require a parent with legal custody to pay support. "The function of a 'notwithstanding' clause in [a] statute is to except the remainder of the sentence containing the clause from other provisions of [the] law that is referenced in that particular notwithstanding clause." *O'Mara v. Douglas County*, 318 Or 72, 76, 862 P2d 499 (1993). It is apparent that when the legislature enacted ORS 25.240, it contemplated that the statute would give the court additional authority to award child support beyond the provisions of ORS 107.105(1)(c). The trial court did not err when it required father to pay child support that is attributable to those periods of time when he does not have physical custody of the children.

Affirmed. Costs to wife.

---

"[2](a) The child is entitled to benefit from the income of both parents to the same extent that the child would have benefited had the family unit remained intact or if there had been an intact family unit consisting of both parents and the child.

"(b) Both parents should share in the costs of supporting the child in the same proportion as each parent's income bears to the combined income of both parents."

[3] Father does not argue that the promulgation of OAR 137-50-450 exceeds the authority granted by the legislature to the Support Enforcement Division to adopt rules regarding the determination of the amount of child support. Rather, he argues that application of the rule to the facts of this case is "invalid" because its utilization conflicts with ORS 107.105(1)(c). As we have said, ORS 25.240 grants the court the authority to require a legal custodian to pay child support and the rule provides a means for the determination of that amount.