Argued and submitted February 14, 1997, affirmed February 11, 1998

In the Matter of the Compensation of
Debra I. Jensen, Claimant.

Debra I. JENSEN,
*Petitioner,*

*v.*

CONAGRA, INC.,
*Respondent.*

(WCB 95-05637; CA A93736)

954 P2d 822

Karen Stolzberg argued the cause for petitioner. With her on the brief was Goldberg, Mechanic & Stuart.

Kenneth Kleinsmith argued the cause for respondent. With him on the brief was Meyers, Radler, Replogle & Bohy.

Before Warren, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Claimant seeks review of an order of the Workers' Compensation Board that held that a 1995 amendment to ORS 656.262(4) applied retroactively to her claim, thereby denying her temporary disability benefits for a portion of the time for which her attending physician had authorized those benefits. We affirm.

In May 1993, claimant first sought compensation for symptoms of what later was diagnosed and treated as carpal tunnel syndrome. Her injury was declared compensable by an order of the Board on February 2, 1994. On November 9, 1994, claimant's attending physician authorized temporary disability payments retroactive to May 6, 1993. On May 8, 1995, in response to employer's failure to pay benefits due, claimant filed a request for a hearing before the Board.

On June 7, 1995, Senate Bill 369 (Oregon Laws 1995, chapter 332) was signed into law and became effective. That enactment made extensive changes to the Workers' Compensation Law. Included among those changes was the addition of subsection (f) to ORS 656.262(4). That subsection provides:

> "Temporary disability compensation is not due and payable pursuant to ORS 656.268 after the worker's attending physician ceases to authorize temporary disability or for any period of time not authorized by the attending physician. No authorization of temporary disability compensation by the attending physician under ORS 656.268 shall be effective to retroactively authorize the payment of temporary disability more than 14 days prior to its issuance."

Section 66(1) of Senate Bill 369 provides:

> "Notwithstanding any other provision of law, this Act applies to all claims or causes of action existing or arising on or after the effective date of this Act, regardless of the date of injury or the date a claim is presented, and this Act is intended to be fully retroactive unless a specific exception is stated in this Act."

Pursuant to that provision, the Board held that the 1995 amendment to ORS 656.262(4) on the payment of temporary

disability benefits applied to claimant's claim. *See Volk v. America West Airlines*, 135 Or App 565, 573, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996). Finding that temporary disability payments were first authorized by claimant's attending physician on November 9, 1994, the Board held that claimant was entitled to temporary disability payments only from October 26, 1994.

Claimant contends that subsection (6) of section 66 of Senate Bill 369 prohibits the retroactive application of *amended* ORS 656.262(4)(f) to her claim. We disagree. Section 66(6) of Senate Bill 369 provides:

> "The amendments to statutes by this Act and new sections added to ORS chapter 656 by this Act do not extend or shorten the procedural time limitations with regard to any action on a claim taken prior to the effective date of this Act."

Claimant argues that, because ORS 656.262(4)(f) now sets a limit on the receipt of temporary disability benefits that is linked to the timing of her attending physician's authorization, the enactment of that provision "shorten[ed] the procedural time limitations with regard to [an] action on a claim." Employer contends that the amendment simply established a substantive limit on the amount of temporary disability benefits that an injured employee can obtain. We agree with employer.

We have defined procedural law as "that which prescribes methods of enforcing rights or obtaining redress for their invasion." *Long v. Storms*, 52 Or App 685, 687, 629 P2d 827, *rev den* 290 Or 727 (1981). In *Norstadt v. Murphy Plywood*, 148 Or App 484, 492-93, *adhered to as modified* 150 Or App 245, 945 P2d 654 (1997), we discussed the legislature's intent in creating the exception to retroactivity in section 66(6). We concluded that it intended the exception to cover those claimants who were operating within a time frame that had run or was running, or who had relied on certain statutory time limits in taking action on a claim. In that case, we determined that the elimination of a disclaimer provision touched on multiple time frames and, therefore, could not apply retroactively. Claimant argues that the physician's authorization is the method by which she enforces her right

to receive retroactive temporary disability benefits and that the amended statute creates a time limitation on the issuance of that authorization. Nothing in the amended statute, however, prescribes or changes the time period in which the authorization can or must be written. Rather, the amendment merely creates a limit on the amount of retroactive benefits to which claimant is entitled, *i.e.*, two weeks. That limit, defining as it does a claimant's rights, is substantive. *Long,* 52 Or App at 687-88. Accordingly, we conclude that the exception set forth in section 66(6) does not apply to this claim.[1] None of claimant's other arguments requires discussion.

Affirmed.

---

[1] Claimant further argues that we must read the amendment as procedural because to do otherwise would be absurd and unjust. She hinges her argument on the fact that, before the amendment, she would have been entitled to benefits retroactive to the date of her injury, whereas now she is entitled to retroactive benefits of two weeks only. It is not our role to decide whether the legislature's change is fair or unfair. Claimant conceded at oral argument that the legislature was free to set an absolute limit on benefit amounts. We do not see how the time limit set in amended ORS 656.262(4) is any different.