In the Matter of the Compensation of
Warren W. Rich, Claimant.

## WEYERHAEUSER COMPANY,
*Petitioner,*

*v.*

Warren W. RICH,
*Respondent.*

04-06032; A128920

144 P3d 978

John M. Pitcher argued the cause and filed the briefs for petitioner.

James C. Egan argued the cause for respondent. With him on the brief was Kryger Alexander Egan Elmer & Carlson PC.

Before Edmonds, Presiding Judge, and Linder,* Judge, and Richardson, Senior Judge.

_____

* Linder, J., *vice* Wollheim, J.

RICHARDSON, S. J.

## RICHARDSON, S. J.

Employer seeks review of a Workers' Compensation Board (board) order dismissing its request for a hearing on a dispute concerning claimant's request for replacement of his hearing aid. The board dismissed the dispute for lack of "jurisdiction"[1] and transferred the matter to the Workers' Compensation Division (division) for resolution. On review, employer assigns error to the board's conclusion that the matter does not involve a dispute over the compensability of medical services within the authority of the board. We review for errors of law, ORS 183.482(8)(a), and affirm.

The basic facts are not in dispute. Claimant filed a claim for hearing loss with employer.[2] That claim was accepted. After claimant retired, employer continued to provide him with hearing aids. On this occasion, claimant removed his left hearing aid in order to answer a call on his cell phone and placed it in his lap. He temporarily forgot about it and when he stood up it fell to the ground. Claimant subsequently searched the location and discovered that the hearing aid had been crushed by a passing vehicle.

Claimant asked employer to pay for a replacement hearing aid, but employer denied the claim.[3] Claimant appealed the decision to the division and it directed employer to pay for the replacement. Employer sought reconsideration, arguing that "jurisdiction" over the dispute rested with the board and not the division. The division stayed its prior order and transferred the matter to the board for consideration of employer's contention.

An administrative law judge (ALJ) then determined that authority over the dispute rested with the division

---

[1] The board, the administrative law judge, and the parties use the term "jurisdiction." However, the relevant statute, ORS 656.704, speaks of the issue as the respective authority of the director and the board to conduct hearings. We choose to denominate the issue as one of "authority" rather than "jurisdiction." We do not attempt to definitively define either.

[2] Claimant's employer was initially Willamette Industries. Weyerhaeuser later acquired Willamette.

[3] We note that ORS 656.245(1)(c)(E) provides that compensable medical services include "services necessary to monitor the status, replacement or repair of prosthetic devices, braces and supports."

rather than with the board and ordered the matter transferred back to the division. Employer requested that the board review the ALJ's order, arguing, *inter alia*, that the board has authority because the dispute involves a question of "causation" under ORS 656.704(3)(b)(C). The board reviewed the ALJ's decision and affirmed, holding that the dispute concerned whether replacement of claimant's hearing aid was "excessive," an issue within the purview of the division under ORS 656.704(3)(b)(B).

On review, employer renews its argument that the dispute involves causation. In particular, employer frames the issue as "whether claimant's compensable hearing loss caused *the need for replacement* of his left hearing aid or whether an independent and intervening cause led to the need for a replacement hearing aid." (Emphasis added.) In response, claimant asserts that employer is "only trying to make the point that when an injured worker accidently destroys a prosthetic device, then providing a new device is simply excessive," a dispute that falls within the authority of the division. He argues, as well, that case law establishes that palliative care and replacement of prosthetic devices are not "matters concerning a claim;" thus they are not matters within the board's authority.

Oregon's workers' compensation system is administered by the Workers' Compensation Division, an agency within the Department of Consumer and Business Services. ORS 656.704 allocates authority between the division and the board to adjudicate disputes brought by parties who are dissatisfied with an action or order of the division. While the board has authority to review "matters concerning a claim," ORS 656.704(1)(a), the division has authority over other matters, ORS 656.704(2)(a).[4] "[M]atters concerning a claim * * * are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3)(a).

---

[4] Where the dispute concerns "a matter other than a matter concerning a claim," the division is required to refer the matter to the board for a hearing before an ALJ. However, the ALJ's order is reviewed by the division and the division issues the final order in such a dispute. ORS 656.704(2)(a).

ORS 656.704(3)(b) provides that

"[t]he respective authority of the board and the director to resolve medical service disputes shall be determined according to the following principles:

"(A)   Any dispute that requires a determination of the compensability of the medical condition for which medical services are proposed is a matter concerning a claim.

"(B)   Any dispute that requires a determination of whether medical services are excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services, or a determination of whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245(1)(c), is not a matter concerning a claim.

"(C)   Any dispute that requires a determination of whether a sufficient causal relationship exists between medical services and an accepted claim to establish compensability is a matter concerning a claim."

As noted, the board held that the present dispute over whether employer is required to pay for claimant's replacement hearing aid should be heard by the division because the dispute, "actually concerns whether replacement of a hearing aid damaged by accident is 'excessive.'" The board's decision, then, deemed the present issue to be governed by ORS 656.704(3)(b)(B). Employer here reprises the argument it advanced to the board, namely, that the dispute is the board's to resolve because it concerns a dispute over causation that is governed by ORS 656.704(3)(b)(C). For the following reasons, we agree with the board and claimant.

When read together, ORS 656.704(3)(b)(A) and (C) reserve to the board authority essentially over disputes concerning the compensability of medical conditions for which medical services are proposed and disputes concerning whether those medical services are sufficiently, causally related to the accepted claim. Here, employer does not contend that claimant's medical condition—his hearing loss—is no longer compensable or that it has improved to the point that he no longer needs a hearing aid. Rather, the contention is that the need for the replacement hearing aid arises as a

result of claimant's carelessness, which employer characterizes as an intervening cause. However, as the board correctly noted, the workers' compensation system is not based on fault, and, other than the exceptions listed in ORS 656.005(7), fault has no place in determining causation in the context of workers' compensation. So long as a claimant's need for a hearing aid continues to be related to his former employment, there is no issue concerning causation; accordingly, the correct characterization of employer's position is that the provision of a replacement hearing aid is "excessive," and that is a determination that is reserved to the division. ORS 656.704(3)(b)(B).

Employer disputes that conclusion by reference to the dictionary definition of "excessive." Quoting *Merriam-Webster's Collegiate Dictionary* 404 (10th ed 1999), employer states that "the ordinary meaning of 'excessive' is 'exceeding what is usual, proper, necessary or normal.'" Based on that definition, employer argues that, as applied to a prosthetic device, "excessive" and the relevant other adjectives listed in ORS 656.704(3)(b)(B) (*i.e.*, "inappropriate," "ineffective") connote "*an issue of need* for the particular device," demonstrating a legislative intent "to place jurisdiction with the director where the dispute presents the question whether the device in question is needed for treatment of the clamant's medical condition." According to employer, because "there is no issue of need here," the dispute with claimant over payment for claimant's hearing aid is not governed by ORS 656.704(3)(b)(B), but is governed by ORS 656.704(3)(b)(A).

The definition of "excessive" to which employer refers does not restrict "excessive" to a need determination. Moreover, in a sentence not cited by employer, the same dictionary entry notes that the term "excessive" "implies an amount or degree too great to be reasonable or acceptable." *See also Webster's Third New Int'l Dictionary* 792 (unabridged ed 2002) (defining the term "excessive" as "whatever exceeds the reasonable, usual, proper, necessary, just, or endurable"). The dictionary is not particularly helpful in determining the meaning of statutory references to "excessive."

We hold that employer's contention that it is not required to provide claimant with a replacement hearing aid falls within ORS 656.704(3)(b)(B) and is not "a matter concerning a claim." We therefore agree with claimant that the board is without authority to resolve the present question.

Affirmed.