Submitted November 7, 2014, OAR 255-030-0025 and OAR 255-030-0026 held valid July 22, 2015

ARLEN PORTER SMITH,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Department of Corrections
A156220

356 P3d 158

Arlen Porter Smith filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Judy C. Lucas, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

FLYNN, J.

## FLYNN, J.

Pursuant to ORS 183.400(1), petitioner challenges the validity of OAR 255-030-0025 and OAR 255-030-0026, administrative rules adopted by the Board of Parole and Post-Prison Supervision (the board). Petitioner argues that the rules violate the board's statutory authority because they place limits on persons whom an inmate may have in attendance at board hearings. Petitioner also argues that the board's rulemaking is invalid because the board rules were not "promulgated jointly" with the Department of Corrections (the department), as required by ORS 144.123. Petitioner recognizes that the department promulgated corresponding rules regarding who may accompany inmates to a board hearing, but he contends that the agencies were required to promulgate a "single joint rule." We reject petitioner's rule challenge.

Petitioner's challenge addresses the amended versions of OAR 255-030-0025 and OAR 255-030-0026, which became effective in November 2013. OAR 255-030-0025, entitled "Inmate Accompaniment to Board of Parole and Post-Prison Supervision Hearing," provides:

"(1)  Purpose: The purpose of these rules is to jointly establish with the Department of Corrections policies and procedures governing who may accompany an inmate in a hearing before the Board of Parole and Post-Prison Supervision.

"(2)  Policy: It is the joint policy of the Department of Corrections and Board of Parole and Post-Prison Supervision that inmates be permitted to have a person accompany them in hearings before the Board in accordance with ORS 144.123, as provided in these rules. The decision to approve a person's physical access to a Board hearing held within a Department of Corrections facility will be made by the functional unit manager or designee of the facility in which the inmate is confined, in accordance with the department's rules on Facility Access (OAR 291-016) and Visiting (Inmate) (OAR 291-127). A person's physical access to a Department of Corrections facility may be prohibited or restricted by the functional unit manager or designee consistent with these rules; the health, safety and security of staff, inmates, and the public; and with the safe, secure, and orderly operation and management of the facility."

The other challenged rule, OAR 255-030-0026, provides, in pertinent part:

"(1) Inmate Accompaniment: When appearing before the Board of Parole and Post-Prison Supervision in a hearing, an inmate may be accompanied at the Department of Corrections facility in which the inmate is confined, subject to the prior approval of the facility functional unit manager or designee, by:

"(a) A person who has been approved for privileged visiting in accordance with the Department of Corrections rule on Visiting (Inmate) (OAR 291-127);

"(b) An assigned inmate legal assistant, selected in accordance with the Department of Corrections rule on Legal Affairs (Inmate) (OAR 291-139), from the Department of Corrections facility where the inmate is confined; or

"(c) The inmate's attorney.

"(2) In addition to those persons specified in subsection (1) of this rule, the inmate may be accompanied at the hearing via telephone or videoconference by such other person or persons as the Board of Parole and Post-Prison Supervision, in its discretion, may approve by prior arrangement. The inmate may select one person to speak on his/her behalf. The statement shall not exceed 15 minutes. The presiding Board member may grant the support person additional time upon a finding that further testimony is likely to be relevant to the Board's decision. The presiding Board member may exclude or limit irrelevant, immaterial or unduly repetitive testimony and evidence."

Petitioner brings his rule challenge under ORS 183.400, which permits "any person" to petition this court to review the validity of a rule as long as the petitioner is not "a party to an order or a contested case in which the validity of the rule may be determined by a court." ORS 183.400(1). Under that statute, "we may declare the rule invalid only if we conclude that it violates constitutional provisions, exceeds the statutory authority of the agency that adopted the rule, or was adopted without complying with rulemaking procedures." *Assn. of Acupuncture v. Bd. of Chiropractic Examiners*, 260 Or App 676, 678, 320 P3d 575 (2014) (citing ORS 183.400(4)). Petitioner does not argue that either rule violates a constitutional provision, so our inquiry focuses on

whether the board complied with rulemaking procedures and acted within its statutory authority.

We first address petitioner's contention that the board exceeded its statutory authority by enacting OAR 255-030-0025 and OAR 255-030-0026, because those rules place limits on people the inmate may select to attend a board hearing. *See Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984) (describing "proper sequence of analyzing" validity of a challenged administrative rule). When reviewing whether the board acted within its statutory authority, our inquiry is limited to "the wording of the rule itself (read in context) and the statutory provisions authorizing the rule." *Wolf v. Oregon Lottery Commission*, 344 Or 345, 355, 182 P3d 180 (2008) (citing ORS 183.400(3)(a), (b)); *see also Oregon Newspaper Publishers v. Dept. of Corrections*, 329 Or 115, 118-19, 988 P2d 359 (1999) (if rules "on their face comply with applicable constitutional and statutory requirements * * * any further challenge to them must be made on an 'as applied' basis"). As with other questions of statutory construction, in determining the scope of an agency's statutory authority, "we seek to discern the legislature's intent by examining the text and context of the relevant statutes and, if useful to the analysis, pertinent legislative history." *Assn. of Acupuncture*, 260 Or App at 678 (citing *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009)).

The premise of petitioner's rule challenge is that ORS 144.123 creates a "right" for the inmate to bring any "person of the inmate's choice" to board hearings. We reject petitioner's interpretation of the pertinent law. ORS 144.123 provides:

> "When appearing before the State Board of Parole and Post-Prison Supervision an inmate *shall have the right to be accompanied by a person of the inmate's choice pursuant to rule promulgated jointly* by the State Board of Parole and Post-Prison Supervision and the Department of Corrections."

(Emphasis added.) Petitioner's interpretation of the statute ignores the phrase that qualifies the inmate's "choice" of who may accompany him before the board; that choice must

be made "pursuant to rule promulgated jointly by the" board and department. As used in this context, "pursuant to" is a legal phrase that "means either '[i]n compliance with; in accordance with; under' or '[a]s authorized by; under.'" *Jones v. Douglas County (A148612)*, 247 Or App 81, 93, 270 P3d 278 (2011) (quoting *Black's Law Dictionary* 1272 (8th ed 2004) (brackets in original)). The text of the statute, thus, is inconsistent with defendant's suggestion that the legislature intended to grant inmates an unlimited "right to be accompanied" at board hearings by *any person* of the inmate's choice. On the contrary, the statute demonstrates the legislature's intent that the inmate's choice must be in compliance with and to the extent authorized by the administrative rules.

The legislative history reflects that intention as well. ORS 144.123, originally introduced as House Bill (HB) 2995, was enacted in 1981. *See* Or Laws 1981, ch 644, § 1. According to the testimony of State Parole Board member Ira Blalock:

> "The reason for having the Parole Board adopt rules, promulgate rules with the Corrections Division about who can appear is that those hearing rooms are inside the institutions and should be controlled somewhat by the access to those secure spaces. So that's the reason for having the Corrections Division and Board of Parole jointly promulgate rules. It's not that we're trying to keep anybody out. But that they do have those secure spaces and it would work a hardship on the Corrections Division to have to approve somebody who is not on the visitors list for the last minute."

Tape Recording, House Committee on Judiciary, Subcommittee 1, HB 2995, May 27, 1981, Tape 422, Side A (statement of Ira Blalock). The board's rules regulating attendance at hearings held within department facilities are consistent with its statutory authority under ORS 144.123.

We also reject petitioner's argument that the board followed invalid "rulemaking procedures" when it adopted the 2013 amendments to OAR 255-030-0025 and OAR 255-030-0026. As a preliminary matter, we emphasize that petitioner does not contend that the board failed to comply with

general administrative rulemaking procedures found in ORS 183.335, or agency-specific rulemaking procedures found in OAR chapter 255, division 1, or OAR chapter 137, division 1. Rather, petitioner continues to rely on ORS 144.123, which he interprets as requiring a degree of rulemaking coordination between the board and the department greater than that employed here. Petitioner focuses on the statutory requirement that the inmate's right to choose the person who accompanies him or her at a hearing must be exercised "pursuant to *rule promulgated jointly* by the State Board of Parole and Post-Prison Supervision and the Department of Corrections." ORS 144.123 (emphasis added). According to petitioner, that text directs the board and the department together "to enact a single joint rule," and the board's rules fail because they "were adopted at a different date than the related rules adopted by the Department of Corrections, have different assigned rule numbers in the Oregon Administrative Rules Compilation (OARC), and although similar, do not contain the same provisions." We again turn to principles of statutory construction to determine what the legislature intended by the phrase "rule promulgated jointly."

As an initial matter, we reject petitioner's contention that the legislature's use of the term "pursuant to rule" means that the accompaniment policy must be promulgated by both agencies as a single rule. The term "rule" does not have an exclusively singular connotation in Oregon law. *See, e.g.*, ORS 183.310(9) ("'Rule' means any agency directive, standard, regulation or statement of general applicability that implements, interprets or prescribes law or policy, or describes the procedure or practice requirements of any agency.") Notably, ORS 144.123 does not refer to "*a* rule," but to "rule," which, in this context, suggests simply the product of agency rulemaking. Had the legislature intended the joint promulgation to result in a single administrative rule, it could have worded the statute specifically to require that different grammatical structure.[1] Moreover, the legislature

---

[1] Petitioner objects that the board and the department rules have "different assigned rule numbers in the Oregon Administrative Rules Compilation (OARC)." But, given the agency-specific numbering system for that compilation, it is understandable that even jointly promulgated rules would have different numbers in each agency's compilation.

has specifically cautioned that, in interpreting its statutes, "[t]he singular number may include the plural and the plural number, the singular." ORS 174.127(1).

Petitioner also objects, however, that the challenged board rules were not "promulgated jointly" with the department, as required by ORS 144.123. Following the framework described by the Supreme Court to answer that question, we first determine whether "promulgated jointly" "is an 'exact' term, an 'inexact' term, or a 'delegative' term—that is, how much interpretive authority the legislature delegated to the agency when using that term." *See Blachana, LLC v. Bureau of Labor and Industries*, 354 Or 676, 687, 318 P3d 735 (2014). The board argues that the phrase is an "inexact" term, meaning that it communicates "a complete policy statement," but with imprecise words that require further interpretation by the agency. *See id.* at 687. We agree.

The legislature has not provided a definition for the term "promulgated jointly." However, there is no indication that the legislature used the words in any sense apart from their plain, natural, and ordinary meaning, and we look to dictionaries in use at the time ORS 144.123 was enacted to determine the "ordinary meaning" of its words. *See State v. Ziska/Garza*, 355 Or 799, 804-05, 334 P3d 964 (2014).

For "promulgate," the definitions include "to issue or give out (a law) by way of putting into execution." *Webster's Third New Int'l Dictionary* 1816 (unabridged ed 2002).[2] As the Supreme Court has noted, *Webster's* also defines the word "issuance" as equivalent to "'promulgating.'" *Dept. of Transportation v. Stallcup*, 341 Or 93, 100 n 9, 138 P3d 9 (2006) (citing *Webster's* at 1201). "Joint" is defined, as pertinent to this context, as meaning "UNITED, COMBINED," "common to two or more," and "united, joined, or sharing with another." *Webster's* at 1219.

Although petitioner's desire for a single rule adopted simultaneously by two agencies on the same date and with identical text and structure would be a "rule promulgated

---

[2] *See State v. James*, 266 Or App 660, 667 n 3, 338 P3d 782 (2014) ("Because the content of *Webster's*—excluding the addenda section—has remained static since 1961, in general, it is appropriate to treat it as a contemporaneous source for statutes dating from at least that point forward.").

jointly," the ordinary definitions of those words are not so precise as to be capable only of the meaning petitioner proposes. The phrase describes a complete policy that the board and the department put "into execution" through a "combined" or "shared" regulation that affects both the board and the department. The requirement that the board and the department jointly promulgate rules recognizes that both agencies have an interest in regulating attendance at board hearings held in department facilities and ensures that those regulations set consistent criteria for attendees. The board's interpretation of the inexact term "rule promulgated jointly" must be consistent with that policy. *See Blachana*, 354 Or at 687.

Here, the process by which the board and the department amended their rules is consistent with the legislative policy conveyed by the phrase "rule promulgated jointly." The board's rules regarding hearing attendance specifically recite a purpose "to jointly establish with the Department of Corrections policies and procedures governing who may accompany an inmate in a hearing before the Board of Parole and Post-Prison Supervision." OAR 255-030-0025(1). OAR 255-030-0025 sets out the board's "joint policy" with the department "that inmates be permitted to have a person accompany them in hearings before the Board" and a purpose to "jointly establish" procedures implementing that joint policy. The board's rules carrying out that policy (OAR 255-030-0025 and OAR 255-030-0026) and the department's corresponding rules (OAR 291-153-0005 and OAR 291-153-0020) were all originally adopted in 2004. As petitioner acknowledges, the original versions of the rules were "virtually identical."

In 2012, the board published its notice of proposed amendment to OAR 255-030-0025 and OAR 255-030-0026 within a month of the department's notice of proposed amendment to OAR 291-153-0005 and OAR 291-153-0020, and the proposed amendments to all four rules took effect in 2013.[3] Although petitioner objects that the amended rules

---

[3] The board published a Notice of Proposed Rulemaking on October 15, 2012, for the purpose, in part, of "clarify[ing] who may attend hearings and the manner in which individuals may submit information to the [b]oard." On November 15,

are now only "similar" to each other, petitioner has identified no substantive point on which they differ. In fact, the amendment language for the board rules was essentially—except for two words—identical to the amendment language for the department rules.[4] That process reflects a permissible interpretation of "rule promulgated jointly."

OAR 255-030-0025 and OAR 255-030-0026 held valid.

---

2012, the department published a Notice of Proposed Rulemaking, seeking to amend its rules on the same topic for the same purpose.

[4] The board amended OAR 255-030-0026(1) to read, "When appearing before the Board of Parole and Post-Prison Supervision * * *," instead of "When appearing before the Board of Parole and Supervision * * *," apparently correcting a typo. Similarly, the board amended OAR 255-030-0026(4)(c) to read, "Members of the public * * *," instead of "Members of public * * *."