No. 422 May 14, 2025 431

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of James Hibbs,
Claimant.

James HIBBS,
*Petitioner,*

*v.*

SEDGWICK CMS,
and Cascade Tissue Group Sales
*Respondents.*
Workers' Compensation Board
2105190;
A180289

Argued and submitted April 15, 2025.

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Katherine M. Caldwell argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This case is one of two cases decided today in which we consider the division of jurisdiction between the Workers' Compensation Board (the board), on the one hand, and the Director of the Department of Consumer and Business Services (the director), on the other.[1]

In this case, claimant seeks judicial review of a final order of the board, which affirmed an order transferring to the director claimant's request for a hearing on what claimant describes as an "improperly requested independent medical examination [(IME)] by the insurer under ORS 656.325(1)(a) and related penalties and attorney fees." Claimant asserts that the board erred "in determining that it did not have jurisdiction over a dispute under ORS 656.325 that involved whether an insurer improperly requested more than three [IMEs] without first notifying and obtaining authorization from the director."

The issue in this case is the meaning of ORS 656.325(6), which provides that "[a]ny party may request a hearing on any dispute under this section pursuant to ORS 656.283." ORS 656.283(1), in turn, provides that "any party or the Director of the Department of Consumer and Business

---

[1] The other case is *Hibbs v. Sedgewick CMS (A180280)*, 340 Or App 421, ___ P3d ___ (May 14, 2025), in which we conclude that the claimant's request for the assessment of a penalty under ORS 656.262(11)(a) was under the jurisdiction of the director, not the board, when the request for the assessment stemmed from a "medical services dispute" that was also under the jurisdiction of the director.

Additionally, at the outset, we note that the parties, as well as the board's order on review, frame this case as involving a matter of "jurisdiction," although some of the relevant statutes use the word "authority" rather than "jurisdiction." *Compare, e.g.*, ORS 656.704(3)(a) ("For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter ***."), *with* ORS 656.262(11)(a) ("Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection.").

In this opinion, we adopt the nomenclature used by the parties and the board, because it does not affect our analysis, but we express no opinion on whether that is the appropriate nomenclature, nor do we attempt to definitively define the difference between jurisdiction and authority in this context. *Cf. Weyerhaeuser Co. v. Rich*, 208 Or App 302, 304 n 1, 144 P3d 978, *rev den*, 342 Or 117 (2006) ("choos[ing]" to use the term "authority," although the board and the administrative law judge used the term "jurisdiction," but refraining from the "attempt to definitively define either").

Services may at any time request a hearing on any matter concerning a claim, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.704."

As claimant sees it, ORS 656.325(6) "has an express statement providing the board with jurisdiction" over "any dispute" under ORS 656.325, such as the dispute concerning the allegedly improperly requested IME at issue in this case. Moreover, as claimant sees it, the board's jurisdiction to hear disputes under ORS 656.325 does not depend on whether the dispute at issue is a "matter concerning a claim" or not. *Cf. Mantle v. SAIF*, 330 Or App 8, 14, 542 P3d 889 (2024) ("Generally speaking, under ORS 656.704, the board has review authority over matters concerning a claim, and the director has review authority over matters other than those concerning a claim." (Internal quotation marks omitted)); *see also* ORS 656.704(3)(a) ("[M]atters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue.").

Respondent, for its part, contends that ORS 656.325(6) did not confer jurisdiction on the board in this case, because this case "does not present a matter concerning a claim." As respondent sees it, ORS 656.325(6) does not provide the board jurisdiction over "any dispute" under ORS 656.325, but only "any dispute" that the board could hear under ORS 656.283(1), which in respondent's view are limited to "matters concerning a claim."

Thus, as framed, this case requires us to determine whether, by operation of ORS 656.325(6), jurisdiction over a dispute under ORS 656.325 that does not involve "matters concerning a claim" properly lay with the director or with the board.[2] For the reasons below, we conclude that juris-

---

[2] As explained below, the board determined that the issues "claimant has raised are not 'matters concerning a claim.'"

At oral argument, claimant stated that he "does not concede" that the issues he raised in this case are not "matter[s] concerning a claim," although claimant also noted that that is "not what [he] rests [his] case on."

We note that in his briefing on appeal, claimant did not assert that the board erred in determining that the issues claimant raised are not "matters concerning a claim." Consequently, we do not analyze whether the board's determination in this case that the issues claimant raised were not matters concerning a claim is correct. *Colton and Colton*, 297 Or App 532, 547-48, 443 P3d 1160 (2019) ("We do

diction over such disputes properly lay with the director. Consequently, we affirm.

## I.   HISTORICAL FACTS AND PROCEDURAL HISTORY

The relevant facts are both few and undisputed. Claimant received a November 18, 2021, letter from employer's insurer processing agent indicating that an IME was scheduled for December 2, 2021, and a November 22, 2021, letter from the same processing agent notifying him of the December 2, 2021, examination, and referring to it as a "mandatory closing" IME. Claimant requested a hearing before the board on December 10, asserting that the November 18, 2021, "IME notice was defective and unreasonable" and that the November 22, 2021, "mandatory closing IME notice was defective and unreasonable." Claimant requested a penalty and penalty-based attorney fee for each defective notice. Employer and its processing agent maintained that "under the circumstances presented in this case, the IME notices were not defective or unreasonable, and that claimant has not shown an entitlement to a penalty or penalty-based attorney fee."

An administrative law judge (ALJ) determined that the issues claimant raised were not "matters concerning a claim" and are "consequently under the [director's] jurisdiction." It transferred the matter to the director for resolution.

Claimant sought review of that order before the board. The board adopted and affirmed the ALJ's order.

## II.   ANALYSIS

As noted, claimant asserts that the board erred "in determining that it did not have jurisdiction over a dispute under ORS 656.325 that involved whether an insurer improperly requested more than three [IMEs] without first notifying and obtaining authorization from the director." That argument is premised on claimant's interpretation of ORS 656.325(6).[3]

---

not consider appellate arguments—even if properly preserved—that are made on appeal for the first time during oral argument."). Accordingly, in the course of our analysis, we assume without deciding that the board was correct that the issues raised by claimant in this case are not "matters concerning a claim."

[3] Claimant also asserts that "the board erred in holding that the director had exclusive jurisdiction over penalty issues under ORS 656.262(11)(a) when

Specifically, claimant asserts that jurisdiction before the board was proper under ORS 656.325(6), because "being allowed to request a hearing pursuant to ORS 656.283 is express permission to request a hearing under the board's jurisdiction." Further, as claimant sees it, the phrase "pursuant to ORS 656.283" in ORS 656.325(6) "just means to do something according to ORS 656.283," and does not "negate the direction in ORS 656.325(6) that what a party may do pursuant to ORS 656.283 is request a hearing."

As respondent sees it, "ORS 656.325(6)'s directive that requests for hearing made under that section be made 'pursuant to' ORS 656.283, means that requests for hearing should be made in conformity with or according to ORS 656.283's provisions." Respondent argues that ORS 656.283(1) includes an "exception in matters for which procedure for dispute resolution is provided in another statute, including ORS 656.704." That is, in respondent's view, to determine jurisdiction for a dispute under ORS 656.325(6), one must look to the provisions of ORS 656.283(1) and to ORS 656.704.

The issue before us is solely one of law. We therefore review the board's decision for legal error. *Mantle*, 330 Or App at 13-14. Further, because "the legal issue before us is primarily one of statutory construction," we apply "our usual method of statutory construction, considering the text and context of the relevant statutes and any relevant legislative history we find helpful." *Id.*

Before turning to the statutory provision that this case requires us to construe—ORS 656.325(6)—we think it helpful to provide an overview of the jurisdictional framework applicable to Oregon's scheme for workers' compensation generally and discuss ORS 656.325 specifically. We then consider the parties' arguments, concluding that the board did not err in determining that the director had jurisdiction over this dispute.

---

claimant also raised a dispute to determine claimant's rights and the insurer's responsibilities under ORS 656.325(1)(a) regarding requesting more than three IMEs." As claimant sees it, because the "IME dispute" under ORS 656.325 falls under the jurisdiction of the board, "any attendant penalties or attorney fees under ORS 656.262(11)(a) are also under the jurisdiction of the board."

We need not address that issue, because we conclude that the IME dispute under ORS 656.325 falls under the jurisdiction of the director and not the board.

A. *Jurisdiction in Workers' Compensation Cases Generally*

Under Oregon's scheme for workers' compensation, "[g]enerally speaking, under ORS 656.704, the board has review authority over matters concerning a claim, and the director has review authority over matters other than those concerning a claim." *Mantle*, 330 Or App at 14 (internal quotation marks omitted); *see also Daugherty v. SAIF*, 258 Or App 512, 519, 310 P3d 713 (2013) ("Simply, *the board* has exclusive authority, under ORS 656.704, over matters concerning a claim ***." (Emphasis in *Daugherty*; internal quotation marks omitted)).

More specifically, ORS 656.283(1)—which claimant characterizes as "the statute providing for a hearing under the board's jurisdiction"—provides, as relevant here, that "any party *** may at any time request a hearing *on any matter concerning a claim*, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.704." (Emphasis added.)

ORS 656.704(2)(a), in turn, provides that a party "dissatisfied with an action or order *regarding a matter other than a matter concerning a claim* under this chapter may request a hearing on the matter in writing to the director." (Emphasis added.)

Finally, ORS 656.704(3)(a) sets forth the meaning of "matter concerning a claim," providing, in relevant part:

> "For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue."

As noted, in this case, the ALJ and the board determined that the underlying IME dispute was not a "matter concerning a claim."

B. *ORS 656.325 Specifically*

ORS 656.325 contains certain requirements regarding medical examinations for injured workers. Claimant's

request for a hearing asserted that employer's insurer processing agent's conduct was in violation of ORS 656.325(1)(a), which provides, in relevant part:

> "Any worker entitled to receive compensation under this chapter is required, if requested by the Director of the Department of Consumer and Business Services, the insurer or self-insured employer, to submit to a medical examination at a time reasonably convenient for the worker as may be provided by the rules of the director. No more than three independent medical examinations may be requested except after notification to and authorization by the director."

Notwithstanding that the dispute in this case is not a "matter concerning a claim," claimant asserts that jurisdiction lay with the board, not the director, by operation of ORS 656.325(6). As quoted above, that subsection provides:

> "Any party may request a hearing on any dispute under this section pursuant to ORS 656.283."

C.   *Construing ORS 656.325(6)*

As explained below, we conclude that the board did not err in this case in determining that jurisdiction under ORS 656.325(6) properly lay with the director.

We begin with the text, which is "the best evidence of the legislature's intent." *State v. Browning*, 282 Or App 1, 3, 386 P3d 192 (2016), *rev den*, 361 Or 311 (2017) (internal quotation marks omitted). The text of ORS 656.325(6) is brief: "Any party may request a hearing on any dispute under this section pursuant to ORS 656.283."

As a textual matter, we have construed the term "pursuant to" in statutes on numerous occasions. We have explained that, as defined in *Webster's Third New International Dictionary* (unabridged ed 2002), the preposition "'pursuant to'" means "'in the course of carrying out : in conformance to or agreement with: according to[.]'" *See, e.g.*, *C. R. v. Gannon*, 281 Or App 1, 8, 381 P3d 869 (2016) (quoting *Webster's* at 1848). And as defined in *Black's Law Dictionary* (8th ed 2004), "'pursuant to'" means either "'[i]n compliance with; in accordance with; under'" or "'[a]s authorized by; under.'" *See, e.g.*, *Jones v. Douglas County*

*(A148612)*, 247 Or App 81, 93, 270 P3d 278 (2011) (quoting *Black's* at 1272).

Here, in understanding the meaning of the term "pursuant to," we think our construction of that phrase in *Smith v. Board of Parole*, 272 Or App 493, 496-97, 356 P3d 158 (2015), is helpful. In *Smith*, the petitioner contended that "ORS 144.123 creates a 'right' for the inmate to bring any 'person of the inmate's choice' to" hearings of the State Board of Parole and Post-Prison Supervision. *Id.* at 496. At that time, ORS 144.123 provided:

> "'When appearing before the State Board of Parole and Post-Prison Supervision an inmate *shall have the right to be accompanied by a person of the inmate's choice pursuant to rule promulgated jointly* by the State Board of Parole and Post-Prison Supervision and the Department of Corrections.'"

*Smith*, 272 Or App at 496 (emphasis in *Smith*).

We disagreed with the petitioner's contention regarding ORS 144.123. Relying on the definition of "pursuant to" provided in *Black's Law Dictionary*, we explained that the word "choice" in ORS 144.123 was "qualified" by the phrase "'pursuant to a rule promulgated jointly by the 'board and department.'" Thus, the text of ORS 144.123 "demonstrate[d] the legislature's intent that the inmate's choice must be in compliance with and to the extent authorized by the administrative rules."

Applying that textual understanding of the meaning of "pursuant to" here, it seems to us that the operative phrase in ORS 656.325(6), *i.e.*, "[a]ny party may request a hearing on any dispute under this section," is "qualified" by the phrase "pursuant to ORS 656.283," meaning that an individual's request for a hearing must be "in compliance with and to the extent authorized by" ORS 656.283.

As noted above, ORS 656.283 authorizes a party to request a hearing before the board "*on any matter concerning a claim*, except matters for which a procedure for resolving the dispute is provided in another statute, including ORS 656.704." ORS 656.704 provides that a party "dissatisfied with an action or order *regarding a matter other than a*

*matter concerning a claim* * * * may request a hearing on the matter in writing to the director." Thus, as a textual matter, we understand ORS 656.325(6), by way of ORS 656.283(1), to direct matters concerning a claim to the board and matters other than matters concerning a claim, by way of ORS 656.704, to the director. That is, for a hearing request before the board to be in "compliance with" and "authorized by" ORS 656.283(1), the request must be on a "matter concerning a claim."[4]

That understanding of ORS 656.325(6) is supported by the statutory context of ORS 656.325(6). As noted above, under Oregon's scheme for workers' compensation, "[g]enerally speaking, under ORS 656.704, the board has review authority over matters concerning a claim, and the director has review authority over matters other than those concerning a claim." *Mantle*, 330 Or App at 14; *State v. Carr*, 319 Or 408, 411-12, 877 P2d 1192 (1994) ("Context includes other related statutes."). Construing "pursuant to" in accordance with its ordinary dictionary meaning as set forth above, and so applying it, is in harmony with that "general" rule.[5] *See Lane County v. LCDC*, 325 Or 569, 578, 942 P2d 278 (1997) ("[W]e do not look at one subsection of a statute in a vacuum;

---

[4] In considering the text of ORS 656.325(6), we observe that "any dispute under this section" is broad statutory language; the word "any" is "broadly inclusive, a fact that Oregon appellate courts have historically recognized." *State v. Meier*, 259 Or App 482, 486, 314 P3d 359 (2013), *rev den*, 354 Or 735 (2014).

Nevertheless, just as "the right to be accompanied by a person of the inmate's choice" in *Smith* was qualified by the proviso "pursuant to" in ORS 144.123, we understand "any dispute" in ORS 656.325(6) to be qualified by the proviso "pursuant to ORS 656.283."

[5] We also observe that, prior to 1995, ORS 656.283(1) provided the board with jurisdiction over "question[s] concerning a claim." ORS 656.283 (1993). In 1995, ORS 656.283 was amended to provide the board with jurisdiction over "matter[s] concerning a claim" rather than "question[s] concerning a claim." Or Laws 1995, ch 332, § 34.

The 1995 enactment, which amended ORS 656.283(1), amended other statutes in ORS chapter 656 as well, and ultimately "made extensive changes to the Workers' Compensation Law." *Jensen v. Conagra, Inc.*, 152 Or App 449, 451, 954 P2d 822 (1998). Among those changes was to provide the director with "exclusive jurisdiction to review whether proposed medical treatment is excessive, inappropriate, ineffectual or in violation of applicable rules." *Newell v. SAIF*, 136 Or App 280, 282, 902 P2d 600 (1995).

We think our construction of ORS 656.325(6), which gives effect jurisdictional changes in ORS 656.283(1), is consistent with those 1995 amendments to the Workers' Compensation Law.

rather, we construe each part together with the other parts in an attempt to produce a harmonious whole.").

Finally, we note that neither party has proffered any legislative history to this court, and given the text of ORS 656.325(6) and its context, we have not independently sought legislative history regarding ORS 656.325(6) ourselves. *See McClusky v. City of North Bend*, 332 Or App 1, 23, 549 P3d 557, *rev den,* 372 Or 812 (2024) ("The parties have not pointed us to any pertinent legislative history, and we have not independently sought such legislative history, as it is unnecessary for us to do so in light of the text of ORS 659A.203(1)(b) and its context."); *see also* ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court.").

Affirmed.