No. 421 May 14, 2025 421

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of James D. Hibbs,
Claimant.

James D. HIBBS,
*Petitioner,*

*v.*

SEDGWICK CMS,
and Cascade Tissue Group Sales,
*Respondents.*

Workers' Compensation Board
2104240;
A180280

Argued and submitted April 15, 2025.

Julene M. Quinn argued the cause and filed the brief for petitioner.

Katherine M. Caldwell argued the cause and filed the brief for respondents.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

This case is one of two cases decided today in which we consider the division of jurisdiction between the Workers' Compensation Board (the board), on the one hand, and the Director of the Department of Consumer and Business Services (the director), on the other.[1]

In this case, claimant seeks judicial review of a final order of the board, which affirmed an order transferring to the director claimant's request for the assessment of a penalty under ORS 656.262(11)(a). Claimant's request for that assessment stemmed from a "medical services dispute" that was under the jurisdiction of the director.

As framed by the parties, this case requires us to consider the director's authority under ORS 656.262(11)(a) to impose penalties when the same parties before the director have a separate matter pending before the board. Claimant's contention is that ORS 656.262(11)(a) "only allows the director to have jurisdiction if there are no proceedings pending at the board" and, in evaluating jurisdiction, it is of no consequence whether the issue underlying the ORS 656.262(11)(a) penalty "was a matter within the director's jurisdiction."

---

[1] The other case is *Hibbs v. Sedgwick CMS (A180289)*, 340 Or App 431, ___ P3d ___ (May 14, 2025), in which we conclude that jurisdiction over a particular dispute regarding independent medical examinations, *see generally* ORS 656.325(1) (discussing independent medical examinations), that did not involve "matters concerning a claim," ORS 656.704(3)(a) (defining "matters concerning a claim"), properly lay with the director, not with the board.

Additionally, at the outset, we note that the parties, as well as the board's order on review, frame this case as involving a matter of "jurisdiction," although some of the relevant statutes use the word "authority" rather than "jurisdiction." *Compare, e.g.*, ORS 656.704(3)(a) ("For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter ***."), *with* ORS 656.262(11)(a) ("Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection.").

In this opinion, we adopt the nomenclature used by the parties and the board, because it does not affect our analysis, but we express no opinion on whether that is the appropriate nomenclature, nor do we attempt to definitively define the difference between jurisdiction and authority in this context. *Cf. Weyerhaeuser Co. v. Rich*, 208 Or App 302, 304 n 1, 144 P3d 978, *rev den*, 342 Or 117 (2006) ("choos[ing]" to use the term "authority," although the board and the administrative law judge used the term "jurisdiction," but refraining from the "attempt to definitively define either").

For the reasons below, we agree with the board that jurisdiction over the penalty request under ORS 656.262(11)(a) in this case properly lay with the director, not the board, because jurisdiction over the dispute underlying the penalty request was within the director's jurisdiction, not the board's jurisdiction; indeed, the director had issued an order concerning the underlying dispute. We reject claimant's argument that "the only circumstance where the director has jurisdiction over a penalty/fee issue is when the penalty/ fee issue is the only matter at issue" between the parties. We therefore affirm.

HISTORICAL FACTS AND PROCEDURAL HISTORY

As they relate to the jurisdictional issue that we consider on judicial review in this matter, the underlying facts are undisputed.

Claimant has an accepted workers' compensation claim as a result of a 2016 injury. On June 5, 2021, claimant's attending physician, Paul Blaylock, MD, recommended that claimant be seen by Robert Schneider, Ph.D., for a closing examination and evaluation of permanent impairment.

On June 16, 2021, respondent's counsel informed claimant's counsel that respondent was entitled to select who would perform the closing examination. The same day, claimant requested administrative review by the director's Medical Resolution Team (MRT), seeking resolution of the "medical service dispute" that had arisen. The following day, June 17, 2021, respondent's counsel advised claimant's counsel that respondent now approved of having Dr. Schneider perform the closing examination.

On July 19, 2021, claimant requested a hearing before the board's Hearings Division. On judicial review in this court, claimant describes that hearing as being "on a different matter."

On September 27, 2021, the MRT issued an administrative order providing that the MRT, under the director's authority, had reviewed the medical services dispute under ORS 656.245 and OAR 436-010-0008. The MRT determined that the issue of the medical services dispute

was resolved when respondent scheduled a closing examination with Dr. Schneider at Dr. Blaylock's direction, and that had occurred after claimant, through his attorney, had requested administrative review by MRT.

In its order, the MRT assessed an attorney fee under ORS 656.385(1). Additionally, at claimant's request, the MRT forwarded "the matter * * * for the possible assessment of an ORS 656.262(11) penalty to the WCD's Sanctions Unit."

On October 1, 2021, the Sanctions Unit issued an order that referred the ORS 656.262(11)(a) penalty proceeding to the board's Hearings Division. It reasoned that, under the then-operative version of OAR 436-060-0155(4), the director would not "issue an order assessing a penalty or attorney fee under [OAR 436-060-0155] when the same parties have initiated proceedings before the Hearings Division."[2] The Sanctions Unit explained that, under that rule, "if the director receives a request for penalties and attorney fees * * *, and is aware of proceedings between the parties before the Hearings Division, the director will refer the request to the Hearings Division." As the Sanctions Unit saw it, because a request for a hearing was filed on July 19, 2021, with the board's Hearings Division, "the director no longer retains sole jurisdiction over the penalty issue under OAR 436-060-0155(4)" and "the penalty proceeding now rests with the Hearings Division."

---

[2] At the time of the Sanctions Unit's order, OAR 436-060-0115(4) provided that "if the director receives a request for penalties and attorney fees under this rule, and is aware of proceedings between the parties before the board, the director *will refer the request to the board*" and that the director would not "issue an order assessing a penalty or attorney fee under [OAR 436-060-0115] when the same parties have initiated proceedings before the board." (Emphasis added.)

OAR 436-060-0115(4) was amended, effective July 1, 2024, after the Sanctions Unit had issued its order, to provide the director with discretion in determining whether to transfer a request for a penalty under ORS 656.262(11) to the board when the director is aware that a hearing has been requested before the board on other issues. As amended, OAR 436-060-0115(4) provides, "[i]f the director receives a request for penalties and attorney fees under this rule, and is aware that a hearing has been requested before the board on other issues, *the director may transfer the request to the board*." (Emphasis added.) Further, as of July 1, 2024, OAR 436-060-0115(4) no longer prohibits the director from issuing "an order assessing a penalty or attorney fee under [OAR 436-060-0115] when the same parties have initiated proceedings before the board."

On March 11, 2022, an administrative law judge (ALJ) with the board's Hearings Division issued an order transferring the matter back to the director's Sanctions Unit for resolution, determining that the Sanctions Unit "erroneously referred the present penalty/fee matter to the Hearings Division." The ALJ reasoned, among other points, that "[a]ny dispute that requires a determination of whether medical services are in violation of the rules regarding the performance of medical services is not a 'matter concerning a claim,' and is therefore under the director's, rather than the [b]oard's, authority"; that the underlying matter "concerned the provision of medical services, specifically, whether claimant's attending physician, rather than the carrier, could select the physician who would perform the closing examination" which was "not a 'matter concerning a claim' under the board's jurisdiction, because it pertained to an alleged violation of the 'rules regarding the performance of medical services'"; and that "[t]he [b]oard and its Hearings Division *** do not have jurisdiction to award ORS 656.262(11) penalties/fees where the dispute giving rise to the penalty/fee request was under the director's authority."

Claimant appealed the ALJ's order to the board, and the board adopted and affirmed the ALJ's order with "supplementation." By way of supplementation, the board additionally concluded that it did not have jurisdiction to address claimant's request "for solely the assessment of penalties and attorney fees," and cited ORS 656.262(11)(a), which provides that "the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection."

## ANALYSIS

As noted, claimant seeks judicial review of the board's order, which affirmed the ALJ's order transferring claimant's request for the assessment of penalties under ORS 656.262(11)(a) to the director.

In claimant's first assignment of error, he asserts that "the board erred in determining that it did not have

jurisdiction over the penalty/attorney fee matter in this case under ORS 656.262(11)(a) on the basis that the director (WCD/MRT) had jurisdiction over the underlying medical dispute." In his second assignment of error, he contends that "the board erred in determining that it did not have jurisdiction over the penalty/attorney fee matter in this case under ORS 656.262(11)(a) on the basis that, while there were other matters pending before the board, this case—or this matter, as it stated—only involved an issue of penalty and attorney fee." We conclude that the board did not err in determining that jurisdiction over this matter was with the director, not the board, because the director, not the board, had jurisdiction over the underlying medical services dispute.

As framed by the parties' arguments, the issue before us is solely one of law. We therefore review the board's decision for legal error. *Mantle v. SAIF*, 330 Or App 8, 13, 542 P3d 889 (2024).

Under Oregon's scheme for workers' compensation, "[g]enerally speaking, under ORS 656.704, the board has review authority over matters concerning a claim, and the director has review authority over matters other than those concerning a claim." *Mantle*, 330 Or App at 14. "[M]atters concerning a claim *** are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue." ORS 656.704(3)(a).

We understand the director's MRT, the ALJ, and the board, to have concluded that, in this case, the medical services dispute underlying the penalty request under ORS 656.262(11)(a) was a "matter not concerning a claim" and therefore properly before the director, not the board: Claimant does not dispute that conclusion. *See* ORS 656.704(3)(b)(B) ("Any dispute that requires a determination of whether medical services are excessive, inappropriate, ineffectual or in violation of the rules regarding the performance of medical services, or a determination of whether medical services for an accepted condition qualify as compensable medical services among those listed in ORS 656.245(1)(c), is not a matter concerning a claim.").

As relevant to this appeal, ORS 656.262(11)(a) provides an exception to the general division of review authority in one circumstance—when proceedings concern "solely the assessment and payment of the additional amount and attorney fees described in" ORS 656.262(11). That statute provides, in relevant part:

> "(11)(a) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, attorney fees or costs, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. The fees assessed by the director, an Administrative Law Judge, the board or the court under this section shall be reasonable attorney fees. \* \* \* *Notwithstanding any other provision of this chapter, the director shall have exclusive jurisdiction over proceedings regarding solely the assessment and payment of the additional amount and attorney fees described in this subsection.*"

(Emphasis added.)

In *Icenhower v. SAIF*, 180 Or App 297, 43 P3d 431 (2002), we construed ORS 656.262(11)(a) and considered whether the legislature intended "that proceedings that were initially properly before the Hearings Division[, *i.e.*, the board,] must be dismissed if, at some point thereafter, the imposition of penalties under ORS 656.262(11)(a) becomes the only remaining issue." *Id.* at 300. We concluded that that was not the legislature's intention. *Id.* at 305-06.

In reaching that conclusion, we noted that the "the legislative history establishes that, once a dispute is properly before the Hearings Division, any subsequent narrowing of the issues to just the penalty issue does not divest the Hearings Division of jurisdiction over the dispute." *Id.* at 305. We also adopted a broad view of the word "proceedings" in ORS 656.262(11)(a), *i.e.*, that it "connotes the entire course of the workers' compensation litigation and review process beginning with claimant's request for a hearing." *Id.* We determined that that was the meaning the legislature intended for the term in part because the "entire focus of the legislative history is on the claims and issues as framed *at the outset of the process.*" *Id.* at 305 (emphasis

in original). Additionally, in reviewing the legislative history, we quoted a member of the Governor's Workers' Compensation Labor Management Advisory Committee, who explained that the purpose of the "notwithstanding" sentence in ORS 656.262(11)(a) was to avoid "the hearings process [being] clogged up with 'penalty only' issues." *Id.* at 303.

*Icenhower* is helpful in the consideration of this case, and it demonstrates why the ALJ was correct in concluding that this case should be transferred back to the director's Sanctions Unit. Here, "at the outset of the process," *id.* at 305, jurisdiction properly lay with the director, not the board, because the underlying dispute was a medical services dispute, which was not a "matter concerning a claim." The issues before the director were subsequently narrowed to just the ORS 656.262(11)(a) request for a penalty. But, as *Icenhower* demonstrates, that "subsequent narrowing of the issues to just the penalty issue," did not divest the director of jurisdiction once it was established; the determination of who—between the director and the board—had authority to decide the penalty issue requires consideration of the "claims and issues as framed *at the outset of the process.*" *See Icenhower*, 180 Or App at 305 (subsequent narrowing of issues did not divest the board of jurisdiction); *cf. id.* at 308 (Wollheim, J., concurring) ("The majority holds that jurisdiction permanently vests at the time a request for hearing is made, regardless of whether circumstances change prior to the commencement of the hearing or the closing of the record.").

Put another way, at the outset, in this case, jurisdiction over the medical services dispute properly lay with the director. And the director retained jurisdiction over the penalty issue associated with the medical services dispute. That is, the director was not divested of jurisdiction by virtue of claimant's July 19, 2021, hearing request before the board's Hearings Division "on a different matter."

That result, we note, is consistent with the legislative history of ORS 656.262(11)(a), as reviewed in *Icenhower*, which reflects a legislative intent to prevent the hearings

process from becoming "'clogged up with 'penalty only' issues.'"[3] 180 Or App at 303.

In arguing for a different result, claimant points to the "notwithstanding" clause at the end of ORS 656.262(11)(a). As claimant sees it, given the word "notwithstanding," that clause contains the "only terms that decide jurisdiction" when a claimant requests penalties under ORS 656.262(11)(a), and by operation of that clause, the "only circumstance where the director has jurisdiction over a penalty/fee issue is when the penalty/fee issue is the only matter at issue." In claimant's view, under ORS 656.262(11)(a), if there are "any matters pending at the board"—such as the July 19, 2021, hearing request—"then the director does not have jurisdiction, and the matter must be heard by the board."

The difficulty with claimant's position is that it loads the "notwithstanding" sentence in ORS 656.262(11)(a) with more jurisdictional freight than it can carry. To be sure, ORS 656.262(11)(a) provides that the director has "exclusive jurisdiction" in a certain circumstance, *i.e.*, when the "proceedings" regard "solely the assessment and payment of the additional amount and attorney fees described in this subsection." But it does not follow from that jurisdictional carveout that that is the *only* circumstance in which the director has exclusive jurisdiction. That is, it does not follow from the "notwithstanding" clause in ORS 656.262(11)(a) that if there is a hearing request on a "different matter" before the board—such as the July 19, 2021, hearing request—the director loses jurisdiction over an ORS 656.262(11)(a) penalty request that is related to a matter that was properly before the director. *Greenfield and Greenfield*, 130 Or App 632, 636, 883 P2d 253 (1994) ("The function of a notwithstanding clause in a statute is to except the remainder of

---

[3] We note that, as a practical matter, it makes some sense that the body responsible for deciding the merits of an underlying dispute—be it either the board or the director—should be the body that decides whether a delay or refusal was "unreasonable" within the meaning of ORS 656.262(11)(a)—*i.e.*, whether an insurer had a "legitimate doubt" about its liability. *See International Paper Co. v. Huntley*, 106 Or App 107, 110, 806 P2d 188 (1991) ("An employer's refusal to pay is not unreasonable if it has a legitimate doubt about its liability."); *Liberty Northwest Ins. Corp. v. Hughes*, 197 Or App 553, 558, 106 P3d 687, *rev den*, 338 Or 488 (2005) ("Whether an insurer has a legitimate doubt concerning its processing obligations under the Workers' Compensation Law must be based on that insurer's knowledge at the time that it acts.").

the sentence containing the clause from other provisions of the law that is referenced in that particular notwithstanding clause." (Internal quotation marks and brackets omitted.)).[4]

       Affirmed.

---

[4] That remains true even given our interpretation of the word "proceedings" in *Icehower* as connoting "the entire course of the workers' compensation litigation and review process beginning with claimant's request for a hearing." 180 Or App at 305. Although the broad understanding of the word "proceedings" in ORS 656.262(11)(a) as adopted in *Icehower* narrows the scope of the director's exclusive jurisdiction pursuant to the "notwithstanding" sentence at the end of ORS 656.262(11)(a), it does not divest the director of jurisdiction that it otherwise has.